PER CURIAM.
This is an interlocutory appeal by a husband, the defendant in a divorce suit, from a post decree order entered on a rule to show cause issued at the instance of the wife.
The parties were divorced in 1961 in Dade County. The final decree ratified and adopted a separation agreement which required the husband to pay the wife $350 per month, of which $50 was for alimony and $100 for support of each of the three minor children born of the marriage. In addition, the husband was required thereby to “carry insurance to cover medical, hospital and drug expenses connected with hospitalization which may be incurred by the wife.” Custody of the children was awarded to the wife, who moved to Washington, D.C., became employed there, and maintained a residence (apartment) for herself and the children in nearby Bethesda, Maryland. The husband married again in 1963, and continued to reside in Dade County.
On or about April 1, 1965, the wife was hospitalized and required to undergo a major operation, in the course of which she incurred expenses amounting to $1,116. In August of 1965 the oldest child, a son then aged 20 years, returned to Florida and thereafter resided with his father. Beginning in September of 1965 the husband deducted from the monthly payments to the wife the sum of $100 which under the decree was required to be paid for support of that son.
Six months after the reduction in support payments commenced, the wife filed a motion in the suit in Dade County for a rule to show cause, alleging failure of the husband to comply with the provision of the decree to furnish a hospitalization insurance policy for her benefit, contending the husband owed her for the medical expenses and alleging the arrears in child support. A rule nisi was issued, and following a hearing and rehearing thereon the order appealed from was entered on April 3, 1966.
The trial court found the husband’s failure to obtain and maintain hospitalization insurance for the wife was under certain circumstances from which the court concluded such default did not constitute a willful violation of the decree, and arrangements were made for the husband to provide such insurance for the wife in the future. In the order entered, the husband was required to pay the wife $558, being one half of the medical expense incurred by her. In addition, the husband was required to pay the wife $800, representing *66 the amounts of child support he had withheld in the eight months prior to the court’s order of April 3, 1966.
Regarding the portion of the order dealing with medical payments, we have considered the contentions of the parties, the husband having contended that because of certain wording in the separation agreement remarriage by him relieved him of furnishing hospitalization insurance to the wife, and the contention of the appellee on cross assignment that the court should have required the husband to pay the full amount of the medical expenses incurred. We reject those contentions as being without merit, and affirm the order as relating to payment of such medical expenses.[1] We also affirm the allowance of attorney fees to the wife as authorized by the statute in such case, § 65.16 Fla.Stat, F.S.A.
The question of whether the chancellor was in error in requiring the husband to pay child support to the wife for the 20-year old son after he no longer was in her custody and had entered the custody of his father, presents a more difficult question. The rule generally applied is that when default has occurred in payment of installments of alimony or child support under a decree which has become final, the sums unpaid constitute vested property rights of which the wife can not be deprived except by due process of law, and courts generally refuse to stay or withhold execution of the decree. Van Loon v. Van Loon, 132 Fla. 535, 182 So. 205; Pottinger v. Pottinger, 133 Fla. 442, 182 So. 762.
In the Pottinger case the husband was required by the decree to pay $100 a month for support of a child of the parties. When the wife remarried the husband paid only $25 per month. After five months on that basis the husband filed a petition to modify the decree to reduce the child support. The chancellor granted the motion, reducing the child support to $60 a month for the future, but refused to make the reduction retroactive so as to relieve the husband from the requirement to pay to the wife the amounts of $75 per month which he had omitted before seeking modification.[2] On the appeal in the Pottinger case the Supreme Court affirmed the reduction to $60 per month, made by the chancellor to apply in futuro, as being supported by the evidence. The Supreme Court also affirmed the refusal of the chancellor to give the order retrospective effect to relieve the husband of the requirement to pay the $75 per month of child support omitted by him prior to the modification.
It should be noted that the proceeding in this case differs from that in the Pottinger case. The latter was based on a petition of the husband to modify the decree to relieve him of the obligation to pay arrears of child support. The present case involved an application by the wife, through a rule to show cause, to enforce the payment of such arrears by contempt. In the Pottinger case the Supreme Court observed that a different result may obtain where the effort is to enforce a decree for alimony or child support by contempt. The court pointed out that although such arrears constitute vested property rights immune to disturbance on a husband’s petition for modification, a court of equity by virtue of its general power to control its own processes may refuse to enforce its decree by contempt “for strong equitable reasons, growing out of radically changed circumstances.”
It can be argued with much force that this case presents strong equitable reasons growing out of radically changed circumstances *67 which should have prompted the chancellor to refuse to enforce by the contempt process the payment of the support for this 20-year old son which the husband failed to pay while the son was in his custody. We will agree that in the circumstances presented, the chancellor properly could have so ruled. But we are not inclined to hold the chancellor was bound to so rule in this case. The record contains certain facts bearing on the matter in addition to those which have been set out above. While undoubtedly the husband presented a strong case for such equitable relief against the wife’s demand for enforcement by contempt, this matter was one which called for the exercise of judicial discretion, and the order appealed carries a presumption of correctness. Such an order, predicated on a chancellor’s exercise of judicial discretion, should not be reversed except on a showing of abuse of discretion. Upon a consideration of this case we conclude that no sufficient showing has been made to hold the chancellor in error.
Affirmed.

. The allowance is supported by the evidence as being approximately the amount which would have been received under the required policy.

. It is permissible on such applications to make a modification retroactive to the time of the filing of the petition for modification. McArthur v. McArthur, Fla.1958, 106 So.2d 73; Simon v. Simon, Fla.App.1963, 155 So.2d 849.