348 So.2d 592 (1977)
Charles D. PATTERSON, Appellant,
v.
Virginia D. PATTERSON, Appellee.
No. EE-256.
District Court of Appeal of Florida, First District.
June 30, 1977.
Rehearing Denied August 18, 1977.
*594 Michael E. Hamlin and Michael B. Swindle of Pilacek & Swindle, Orlando, for appellant.
John R. Godbee, Jr., of Coble, McKinnon, Reynolds, Rothert, Bohner & Godbee, Daytona Beach, for appellee.
BOYER, Chief Judge.
From an order issued upon a rule to show cause requiring appellant to pay $1,000 for past due child support payments and $1,200 attorney's fees, appellant has filed a notice of interlocutory appeal. Appellant challenges both aspects of the trial court's order.
The parties were divorced in 1963 in Volusia County. By the terms of the final judgment which specifically incorporated an agreement between the parties, appellant was to pay child support for the parties' four children "* * * until the aforementioned children reach maturity, marry or become self-supporting. * *" In 1974, the court modified the child support provision by requiring appellant to pay $200 per week for the two minor children remaining at home with appellee. In August of 1976, appellant, on advice of counsel, stopped making support payments. The next month, he filed a petition for relief from child support and for change of custody in the Circuit Court, Ninth Judicial Circuit, in and for Orange County, alleging that all of the children of the parties, except the youngest son (Jeffery), had either reached majority, become self-supporting, or no longer resided with the wife, and that Jeffery was residing with appellant who was paying all of his expenses. Additionally, appellant requested custody of Jeffery. In response, appellee filed a motion to transfer and a motion to dismiss. Prior to a hearing on those motions, appellee also filed in Volusia County a motion for order to show cause in which she claimed that appellant had failed to make child support payments since August 23, 1976.
At the hearing on the order to show cause, appellee presented two attorneys who testified on the issue of attorney's fees. Both attorneys testified, in effect, that a proper fee in this case would be approximately $3,000. Evidence and argument was then presented on the issue of arrearages in child support payments. Although a copy of the order of the Orange County Circuit Court transferring the petition to terminate child support and change of custody was introduced into evidence, the trial court expressed some doubt that it could consider the matter at that time because the official court file containing the order of transfer and petition to terminate support payments had not arrived via the mail from Orange County. To underscore that point, the trial court in the order appealed herein expressly found that no petition had been filed by appellant in that court to modify the trial court's last order concerning child support. Nevertheless, testimony was taken regarding the two remaining minor children. Both appellant and appellee agreed that their daughter was living in San Diego with a boyfriend. Appellee stated that the only money she had furnished the daughter during the time she had been in San Diego was $50.00. The parties also agreed that since the end of August of 1976, the minor son had been at school in Orange County where appellant resided. Appellant testified that he was paying for all of his son's expenses, and that the child came to stay with him on weekends at his home in Orange County.
The general rule with respect to unpaid child support payments is that as such payments accrue they constitute a vested right not subject to modification. However, in some cases there may be extraordinary *595 facts justifying a refusal to enforce against the defaulting party payment of past due installments of child support. Teta v. Teta, 297 So.2d 642 (Fla. 1st DCA 1974). Further, in order for the right to vest the payments must be due. If there is no obligation to pay, or if the obligation ceases, then the payments do not become due. In particular, contempt proceedings as a method of enforcing payment of arrearages has been distinguished from ordinary civil proceedings. Wilkes v. Revels, 245 So.2d 896 (Fla. 1st DCA 1970), cert. den. 247 So.2d 437 (Fla. 1971). In the Wilkes case, the wife initiated contempt proceedings after the children had reached their majority, for arrearages which had accrued when the children were still minors. This Court held that the extraordinary remedy of contempt could not be utilized to collect past due installments of child support under such circumstances, and that the wife would be limited to a judgment enforceable by ordinary remedies.
In the case sub judice, in response to the order to show cause, appellant attempted to establish at the hearing that one of the remaining minor children had become self-supporting and that the other was being totally supported by appellant. Counsel for appellant further explained that those matters were contained in a petition to terminate child support which had been filed in Orange County and was in the process of being transferred to Volusia County. The trial court apparently felt, as indicated by his statements at the hearing and a specific finding contained in the order appealed here, that the petition could not be considered at the hearing on the order to show cause.
In unduly limiting the issues at the show cause hearing, the trial court erred. At a show cause hearing, a respondent is entitled to do exactly that, i.e., show cause why he should not be held in contempt. In a similar case (Mendel v. Mendel, 257 So.2d 293 (Fla. 3d DCA 1972)), the husband, by the terms of a divorce decree which incorporated the terms of an agreement between the parties, was obligated to pay $100 a week for the minor children but in the event the wife remarried, the support payments would be reduced to $50 a week. One year after the payments were increased from $100 to $125 a week, the wife remarried, and the husband began sending the wife $50 a week. Several months later, the wife instituted contempt proceedings to collect payments which she claimed should have been paid at the higher $125/week rate. The husband filed no petition for modification. The District Court held that no such petition was necessary because "the extent of his obligation for payment of weekly child support after remarriage of the wife was fixed by the agreement. * * *" Similarly, in the instant case, appellant by the terms of the original divorce decree was required to make child support payments until the children reached maturity, married, or became self-supporting. The 1974 order of modification did not eliminate that provision of the original decree. Thus, by appellant establishing that one of the children had become self-supporting his obligation to make support payments for that child ended at the time the child became self-supporting.
As to the other minor child, it is clear that if said child was no longer living with appellee and if all of his expenses were being paid by appellant, then there would be strong equitable reasons for finding appellant not liable in a contempt proceeding for payments accruing after the care and support of the child by appellee had terminated. See Warrick v. Hender, 198 So.2d 348 (Fla. 4th DCA 1967); cf. Boyle v. Boyle, 194 So.2d 64 (Fla. 3d DCA 1967). Nevertheless, a formal order changing custody of the child from appellee to appellant has never been entered. On remand, if the trial court grants appellant's motion for change of custody, clearly appellant's obligation to make child support payments should terminate as of the date of the filing of the petition in Orange County seeking termination of child support. Van Loon v. Van Loon, 132 Fla. 535, 182 So. 205 (1938); Pottinger v. Pottinger, 133 Fla. 442, 182 So. 762 (1938); Boyer v. Andrews, 143 Fla. 462, 196 *596 So. 825 (1940); Blanton v. Blanton, 154 Fla. 750, 18 So.2d 902 (1944); McArthur v. McArthur, 106 So.2d 73 (Fla. 1958); Simon v. Simon, 155 So.2d 849 (Fla. 3d DCA 1963). Further, in the event the trial court, in its discretion, finds that there was justification for earlier termination of the child support payments had a proceeding been brought to modify (which the record before us strongly suggests) then he may refuse to enforce by contempt payment of the installments which became due prior to filing of the petition. Boyle v. Boyle, supra. That portion of the order here appealed which awarded $1,000 to appellee as past due child support payments is accordingly reversed.
We are also compelled to reverse on the issue of attorney's fees. By statute, a party may be required to pay a reasonable amount for attorney's fees in an enforcement proceeding of the type involved here. Section 61.16, Florida Statutes. To support an award of attorney's fees, the prevailing party must establish that the fee is reasonable, that the requesting party is unable to pay the fee, and that the opposing party is able to pay. 10A Fla. Jur., "Dissolution of Marriage, etc.", Sections 225, 229. See also Johnson v. Johnson, 346 So.2d 591 (Fla. 1st DCA 1977). It is not, of course, necessary that the requesting party, in order to establish inability to pay, be proven destitute. But, as the statute recites, the financial resources of both parties must be considered and when the requesting party has been shown to have the ability to pay for the services of his or her attorney then it is improper to require payment by the other party even though he or she may have the ability. Sub judice, while there was ample testimony relating to the reasonableness of the fee, there was no testimony presented at the hearing on the rule to show cause regarding the wife's inability to pay. Although the wife testified in her deposition taken in Orlando that she earned "practically nothing" in 1975 and "very little" in 1976 as a real estate sales person, there is nothing to indicate that that deposition was entered into evidence or ever considered by the trial court. Appellee argues on appeal that the trial court's order of child support modification entered in 1974 is res judicata regarding her inability to pay. Appellee, however, has misapplied the doctrine of res judicata. By the terms of that doctrine, appellee's inability to pay was established as of the date of the modification order, but could in no way fix her ability or inability as of December, 1976, nor on any other future date.
Accordingly, the order here appealed is reversed and remanded for further proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.
MILLS, J., concurs.
McCORD, J., concurs specially.
McCORD, Judge, concurring specially.
I agree with reversal and remand for further proceedings and the statements contained in the majority opinion except for the following:
I disagree with the following statement made in relation to the award of attorney's fees: "To support an award for attorney's fees, the prevailing party must establish ... that the requesting party is unable to pay the fee, ..." The statute under which attorney's fees are ordered in dissolution of marriage proceedings is § 61.16, Florida Statutes (1975). That statute states as follows:
"Attorney's fees, suit money, and costs. The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name." (Emphasis supplied.)
This statute vests authority in the trial court to order a party to pay a reasonable amount for attorney's fees for the other party after considering the financial *597 resources of both parties. I do not construe this to mean that the party requesting an award of attorney's fees must be unable to pay the fees in order to secure such an award. This is particularly true where a party has become delinquent in child support payments, and it becomes necessary for the other party to bring a contempt proceeding to require that the court's order be complied with. A party bringing such a proceeding should not have the burden of showing that he or she cannot pay the fee in order to secure an award of his or her attorney's fees which were necessitated by the other party's non-compliance with the court order.

ON PETITION FOR REHEARING
PER CURIAM.
On petition for rehearing, appellee Virginia D. Patterson states that she has not had an opportunity to give her testimony with regard to "extraordinary facts" which would or would not justify the trial court's refusal to enforce payment of pastdue child support. Upon remand, she should be given full opportunity to present evidence on this question. With this clarification, the petition for rehearing is DENIED.
McCORD, C.J., and BOYER and MILLS, JJ., concur.