399 So.2d 73 (1981)
John H. PATTERSON, Appellant,
v.
Louise N. PATTERSON, Appellee.
No. 80-893.
District Court of Appeal of Florida, Fifth District.
May 27, 1981.
*74 William N. DeCarlis of Bates & DeCarlis, Gainesville, for appellant.
Steven H. Gray of Green, Simmons, Green, Hightower & Gray, P.A., Ocala, for appellee.
ORFINGER, Judge.
The order appealed from denied the appellant's petition to modify the final judgment of dissolution, granted the appellee's motion to hold appellant in contempt for wilful refusal to comply with the terms of the final judgment, and awarded the wife an attorney fee of $2600 plus costs of this proceeding. The former husband appeals and we affirm.
Appellant fails to demonstrate an abuse of the court's discretion in refusing to modify the final judgment or in adjudging him in contempt for wilful refusal to comply with its terms, and no useful purpose would be served by discussion of these issues. Appellant's contention that the wife did not show entitlement to an award of attorney fees deserves further consideration.
Statutory authority for the award of attorney fees in dissolution proceedings, including enforcement and modification, is found in section 61.16, Florida Statutes (1979).[1] The general rule is that the purpose in awarding attorney fees is to ensure that both parties will have the same opportunity to secure counsel. Deatherage v. Deatherage, 395 So.2d 1169 (Fla. 5th DCA, 1981); Mertz v. Mertz, 287 So.2d 691 (Fla.2d DCA 1973). Prior to Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), it had been held that to be entitled to an attorney's fee, the requesting spouse must show, among other things, that he or she was unable to pay it. See, e.g., Patterson v. Patterson, 348 So.2d 592 (Fla. 1st DCA 1977).[2] This strict requirement was modified by the Supreme Court in Canakaris, where it was held:
It is not necessary that one spouse be completely unable to pay attorney's fees in order for the trial court to require the other spouse to pay these fees. Given the complexity of the cause and the time necessary to appropriately resolve the issues, the award of attorney's fees in this case was proper to avoid an inequitable diminution of the fiscal sums granted the wife in these proceedings.
382 So.2d at 1205.
We hold that where, as here, it is necessary for a spouse to seek enforcement of the final judgment because of wilful refusal of the other spouse to comply with its terms, the trial court may take into account the disregard by that other spouse of the court's order in considering a motion to assess attorney fees. Spencer v. Spencer, 305 So.2d 256 (Fla.3d DCA 1974), cert. denied, 351 So.2d 470 (Fla. 1975). We agree with that portion of the specially concurring opinion of Judge McCord in Patterson, *75 where, in discussing the effect of section 61.16, Florida Statutes (1979), in an enforcement proceeding he said:
This statute vests authority in the trial court to order a party to pay a reasonable amount for attorney's fees for the other party after considering the financial resources of both parties. I do not construe this to mean that the party requesting an award of attorney's fees must be unable to pay the fees in order to secure such an award. This is particularly true where a party has become delinquent in child support payments, and it becomes necessary for the other party to bring a contempt proceeding to require that the court's order be complied with. A party bringing such a proceeding should not have the burden of showing that he or she cannot pay the fee in order to secure an award of his or her attorney's fees which were necessitated by the other party's noncompliance with the court order.
348 So.2d at 596-97.
The order appealed from is AFFIRMED.
COBB and SHARP, JJ., concur.
NOTES
[1] § 61.16, Fla. Stat. (1979): The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.
[2] Not the same parties as the case sub judice.