BERANEK, Judge.
The former wife appeals from an order entered on petitions and counterpetitions for modification of a final judgment of dissolution of marriage. The only issue on appeal is the denial of wife’s request for attorneys’ fees. The matter was initially heard by a general master who recommended that a portion of wife’s attorneys’ fees be paid by the husband. The husband filed exceptions concerning the fees, and the circuit court granted the exceptions and overruled the suggested fee. The circuit court concluded the wife was not entitled to a fee because “her testimony does not reflect an agreement, or inability to pay her attorney.” The circuit court relied upon Woodworth v. Woodworth, 385 So.2d 1024 (Fla. 4th DCA 1980), and Patterson v. Patterson, 399 So.2d 73 (Fla. 5th DCA 1981).
We have reviewed the record and find that the evidence on the two issues, (1) an agreement to pay a fee and (2) inability to pay, was subject to various interpretations. The wife testified to her general financial situation. Although she did not expressly state that she could not pay any fee, her testimony would certainly lead to this conclusion. Woodworth and Patterson predate Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), which held:
It is not necessary that one spouse be completely unable to pay attorney’s fees in order for the trial court to require the other spouse to pay these fees. Given the complexity of the cause and the time necessary to appropriately resolve the issues, the award of attorney’s fees in this case was proper to avoid an inequitable diminution of the fiscal sums granted the wife in these proceedings. 382 So.2d at 1205.
See Lewis v. Lewis, 383 So.2d 1143 (Fla. 4th DCA 1980); Dominik v. Dominik, 390 So.2d 81 (Fla. 3d DCA 1980); and Patterson v. Patterson, 399 So.2d 73 (Fla. 5th DCA 1981).
As to proof of an agreement to pay a fee, the wife’s attorney gave testimony that an agreement existed. In the face of this evidence, the master’s conclusion should not *588 have been rejected. Hemminger v. Hemminger, 391 So.2d 254 (Fla. 4th DCA 1980); Shaw v. Shaw, 369 So.2d 81 (Fla. 3d DCA 1979); Claughton v. Claughton, 347 So.2d 437 (Fla. 3d DCA 1977); Kalmutz v. Kalmutz, 299 So.2d 30 (Fla. 4th DCA 1974); Hartnett v. Lotauro, 82 So.2d 362 (Fla. 1955); and Harmon v. Harmon, 40 So.2d 209 (Fla.1949).
We reverse the order denying attorney’s fees and remand for assessment of fees.
REVERSED AND REMANDED.
GLICKSTEIN, J., and SMITH, RUPERT, J., Associate Judge, concur.