442 So.2d 362 (1983)
Walter H. BRYAN, Appellant,
v.
Sarah J. BRYAN, Appellee.
No. AS-335.
District Court of Appeal of Florida, First District.
December 8, 1983.
*363 Lacy Mahon, Jr., of Mahon, Mahon & Farley, P.A., Jacksonville, for appellant.
Edward A. Dempsey, Jr., Jacksonville, for appellee.
WIGGINTON, Judge.
Appellant husband, Walter Bryan, appeals a final judgment of dissolution of marriage, awarding appellee wife, Sarah Bryan, $75,000 in lump sum alimony and ordering husband to pay wife's attorney's fee of $5,000. We affirm.
The parties were married in January, 1976 and lived together for approximately six and one-half years before their divorce. No children were born of the marriage. At the time of the divorce, husband was seventy-one years old and wife was forty-nine. Prior to and during the marriage, the parties maintained separate estates, separate incomes and separate expenses. However, according to wife's testimony, she made the major contribution toward the food expenses of the parties and performed all of the domestic chores during the marriage. She also held full-time employment throughout the marriage and provided some assistance in husband's private business during her spare time. She made no claim for special equity.
The evidence shows that husband has a net worth of about $750,000 and an annual gross income in excess of $90,000. Wife has assets of $123,000 and a gross annual income of over $38,000. Therefore, both parties have sufficient incomes to meet their needs. When the parties married, wife moved from a home that she still owns, which according to her testimony is now worth approximately $15,000, into a home owned by husband which, according to his testimony, is worth around $100,000.
Section 61.08, Florida Statutes, authorizes a trial judge to grant lump sum alimony to either party. In determining such an award, the court shall consider all relevant economic factors so as to bring about equity and justice between the parties, including the standard of living established during the marriage, and the homemaking services rendered by either party. As recognized in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980) and Yandell v. Yandell, 39 So.2d 554 (Fla. 1949), other situations besides a wife's assistance to her husband in accumulating property may justify a lump sum award. As stressed in Canakaris, a trial judge has broad discretion in awarding lump sum alimony and no abuse will be found unless the trial judge's decision fails to satisfy the test of reasonableness. In Canakaris, the court further recognized that a trial court must view the *364 totality of the circumstances and employ basic fairness to compensate the parties for their contributions to the marriage.
We are not persuaded by the record or the briefs that the trial judge abused his discretion in this case. The final judgment did not attempt to equalize the financial positions of the parties or divide their separate properties. The trial judge obviously believed wife's testimony as to her contributions to the parties' everyday needs for the duration of the marriage and he recognized the standard of living enjoyed by the parties. He merely sought to achieve equity by affording wife the opportunity to continue a standard of living as far as her living quarters were concerned, similar to that enjoyed by the parties during the marriage. Therefore, we affirm the award of $75,000 in lump sum alimony on the basis that husband is able to pay and the trial judge acted within his discretion in finding that the circumstances justify such an award.
We also affirm the award of attorney's fees. In Canakaris, the court noted that section 61.16, Florida Statutes, provides that after considering the financial resources of both parties, a court may order one party to pay the other party's attorney a reasonable fee. In that case, the court found that the husband had a superior financial ability to pay the attorney's fee. The court declared:
It is not necessary that one spouse be completely unable to pay attorney's fees in order for the trial court to require the other spouse to pay these fees.
At 1205. In so ruling, the Canakaris court impliedly overruled the decision of this Court in Patterson v. Patterson, 348 So.2d 592 (Fla. 1st DCA 1977), which declared that when the requesting party has the ability to pay his or her attorney's fees, then to require payment by the other party is improper. In light of the Canakaris ruling, we find no abuse of discretion on the part of the trial judge in his award of attorney's fees in this case.
AFFIRMED.
THOMPSON, J., concurs.
MILLS, J., dissents, with written opinion.
MILLS, Judge, dissenting:
I dissent.
Walter contends the trial court abused its discretion in awarding Sarah $75,000 lump sum alimony and $5,000 attorney's fee in a dissolution of marriage final judgment. I agree and would reverse.
At the time the marriage was dissolved, Walter was 71 years of age and Sarah was 49 years of age. The marriage existed for 6 1/2 years. There were no children. Walter and Sarah maintained separate estates prior to and during the marriage. They maintained separate incomes and separate expenses, other than sharing the cost of food and living in Walter's home. Each was regularly employed and earned an income in excess of their needs. Neither contributed to the accumulation of assets by the other. There was no commingling of their financial affairs.
Sarah made no claim of special equity nor would the facts in this case support such an award because all of Walter's property was acquired before the marriage and Sarah did not assist Walter in accumulating additional property during the marriage. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
There is no evidence that Sarah needs or is entitled to permanent periodic alimony. The mere fact that upon dissolution of this marriage Walter has more assets than Sarah does not allow or permit the trial court to attempt equalization of their economic positions through the award of lump sum alimony. Gesford v. Gesford, 337 So.2d 1017 (Fla. 4th DCA 1976). Nor do the criteria of Section 61.08(2), Florida Statutes (1981), support the lump sum alimony award to Sarah. If the trial court had adhered to these criteria, it would have denied this claim.
Sarah did not adduce evidence of need for the payment of her attorney's fee by Walter. To the contrary, the evidence shows clearly that she had the financial *365 ability to pay the fee. Patterson v. Patterson, 348 So.2d 592 (Fla. 1st DCA 1977), and Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977).
I would reverse the lump sum alimony and attorney's fee awards because the trial court abused its discretion in both instances.