460 So.2d 582 (1984)
Jane D. DEAKYNE, Appellant,
v.
Dean J. DEAKYNE, Appellee.
No. 83-1673.
District Court of Appeal of Florida, Fifth District.
December 20, 1984.
*583 Rick Kolodinsky, New Smyrna Beach, for appellant.
Garrett L. Briggs of Adams & Briggs, Daytona Beach, for appellee.
ORFINGER, Judge.
The wife appeals from a judgment dissolving the marriage between the parties. She contends that the trial court abused its discretion in the division of the marital property, in awarding her too little for alimony, and in denying her request for an award of attorney's fees. We affirm in part and reverse in part.
The standard of review is whether the trial court abused its discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). It is not the function of the appellate court to substitute its judgment for that of the trial court through re-evaluation of the evidence. Rather, the test is whether the judgment of the trial court is supported by competent evidence. Kuvin v. Kuvin, 442 So.2d 203 (Fla. 1983).
Although there is evidence to support the wife's contention that she is unable to work outside the home, there is also evidence that the husband's earnings are insufficient to meet the needs of the parties. The trial court made the specific finding that
This is another of those cases in which there is insufficient means to meet the needs of the parties and to accomplish what this court believes to be just and equitable under the existing circumstances.
The evidence supports that conclusion. We therefore find no basis for disturbing the alimony award. Similarly, the record reflects a reasonably equitable division of the marital property, and based on the test espoused in Canakaris, we cannot say that there was an abuse of discretion in making such division.
We do find, however, that the trial court abused its discretion in denying the wife any award for attorney's fees. In Peak v. Peak, 411 So.2d 325 (Fla. 5th DCA 1982) this court held that when one spouse is in a position to pay attorney's fees for a spouse who is unable to afford counsel, the court should award the needing spouse such fees. In the instant case the wife has no income or earning ability, and no assets sufficient to pay fees. By contrast, the appellee does earn a regular income from his own business. It is clear that the wife's present ability to pay for her attorney's services is inferior to her husband's.
In Patterson v. Patterson, 399 So.2d 73 (Fla. 5th DCA 1981) this court stated that the purpose of Florida Statute § 61.16, permitting the trial court to award attorney's fees in a dissolution proceeding, is to ensure that both parties will have the same opportunity to secure counsel. Where one party has a superior financial ability to secure counsel, it is not necessary that the other spouse be completely unable to pay attorney's fees. See, Cummings v. Cummings, 330 So.2d 134 (Fla. 1976); Canakaris, 382 So.2d at 1205.
In the instant case the appellant is not at all on an equal footing with the appellee in terms of her ability to pay her attorney. The record shows that she is completely unable to pay counsel without assistance from her husband. Although the husband's ability to pay is also limited, the comparative financial position of the parties clearly suggests that the husband is in a superior position to pay some, if not all, of the wife's fees.
*584 We affirm the final judgment in all respects except as to the denial of the wife's request for an award of attorney's fees. We reverse that part of the judgment denying attorney's fees to the wife, and remand the cause to the trial court for a determination of a reasonable award of attorney's fees to the wife for proceedings in the trial court.
AFFIRMED in part, REVERSED in part, and REMANDED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.