473 So.2d 275 (1985)
Joseph A. ZULYWITZ, Appellant,
v.
Beatrice Y. ZULYWITZ, Appellee.
No. 84-1212.
District Court of Appeal of Florida, Fifth District.
August 1, 1985.
*276 Lawrence W. Solodky of the Law Office of Marvin E. Newman, Orlando, for appellant.
John M. Cain, Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
The husband appeals from a judgment of dissolution of marriage contesting the propriety of the award to his wife of his interest in the marital home and furnishings, permanent periodic alimony and attorney fees.[1]
As to the award of the home, furnishings and alimony, we find no error and affirm. See Kuvin v. Kuvin, 442 So.2d 203 (Fla. 1983); Connor v. Conner, 439 So.2d 887 (Fla. 1983); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). However, we conclude that the award of attorney's fees was error.
The purpose of awarding attorney's fees in a dissolution proceeding is to insure that both parties have similar ability to secure competent legal counsel. Canakaris, 382 So.2d at 1205; Patterson v. Patterson, 399 So.2d 73 (Fla. 5th DCA 1981). Here, the husband was ordered to contribute $2,100 towards the wife's attorney's fees. At first glance, the husband would appear to have superior financial ability to secure counsel since he earns about $30,000 annually and the wife has no employment income. However, the husband is now paying $900 per month alimony, has the care and custody of the parties' son and has been ordered to pay the wife's hospital bill totalling close to $9,000. The husband has virtually no savings, while the wife has some stock and savings. In these circumstances, we conclude that the court improperly required him to contribute to the attorney's fees for the wife.[2]
AFFIRMED in part, REVERSED in part and REMANDED.
COBB, C.J., and SHARP, J., concur.
NOTES
[1] The husband also contends that the trial court erred in awarding the wife trust funds held for the benefit of the parties' child. The trial court merely left the trust funds in the name of the wife. Since these funds were either the separate property of the wife or were to be managed by her alone, we find no error.
[2] In making the award of the home and alimony, the court undoubtedly took into consideration the present value of the husband's pension as an employee of Delta Airlines. However, this pension was not available to the husband until retirement.