478 So.2d 489 (1985)
Harry E. O'STEEN, Appellant,
v.
Carolyn S. O'STEEN, Appellee.
No. BG-181.
District Court of Appeal of Florida, First District.
November 14, 1985.
*490 William N. Avera of Avera, Bernstein & Perry, Gainesville, for appellant.
Henry L. Gray and John H. Haswell of Chandler, Gray, Lang & Haswell, Gainesville, for appellee.
THOMPSON, Judge.
Harry E. O'Steen appeals an amended final judgment of dissolution of marriage which awarded appellee, Carolyn S. O'Steen, one-half of her attorney's fees. We affirm.
Appellant and appellee, as parties to the dissolution proceedings below, agreed to divide their substantial assets themselves. They reached a settlement, which the court approved, wherein each spouse received exactly one-half of the net value of the assets. The trial court subsequently awarded the appellee one-half of her attorney's fees and cited the disparity between the parties' incomes as the justification for the award.
An award of attorney's fees in order to avoid an inequitable diminution of funds is proper. Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla. 1980). A court may award attorney's fees after considering the financial resources of both parties and finding that one spouse has a superior financial ability to pay the fees. Bryan v. Bryan, 442 So.2d 362 (Fla. 1st DCA 1983). Furthermore, a trial judge's discretion is abused only where no reasonable person would take the view adopted by the trial court. Canakaris at 1203.
In the instant case, although the assets were equally divided, the record indicates that the financial positions of the parties were unequal due to the substantial disparity between their incomes. We find no reversible abuse of discretion in awarding the appellee one-half of her attorney's fees and therefore must affirm the judgment.
AFFIRMED.
SMITH, J., concurs.
MILLS, J., dissents with written opinion.
MILLS, Judge, dissents.
I dissent. I would reverse the award of attorney's fees to the wife.
The parties agree that the trial court equally divided the assets of the marriage between the wife and the husband. Each received assets with a net value of $191,383. Each was employed. The wife made no claim for alimony.
*491 I would adopt the reasoning and holding of Seitz v. Seitz, 471 So.2d 612 (3d DCA 1985)
The purpose of section 61.16, Florida Statutes (1983), which allows an award of attorney's fees, is to assure that each party has a similar ability to secure competent counsel. The award, therefore, depends not upon who "wins," but rather upon the relative financial circumstances of the parties. The trial court's fifty-fifty distribution of the assets in the present case places the parties in equal financial positions and, therefore, the award of attorney's fees to the wife was error.