493 So.2d 52 (1986)
Georgia E. WARNHOFF, Appellant,
v.
Frank A. WARNHOFF, Appellee.
No. 85-2843.
District Court of Appeal of Florida, Fourth District.
August 20, 1986.
Rehearing Denied September 22, 1986.
*53 S. Robert Zimmerman of S. Robert Zimmerman, P.A., Pompano Beach, for appellant.
Deborah Marks of Deborah Marks, P.A., North Miami, for appellee.
STONE, Judge.
This is an appeal from an order, pursuant to section 61.16, Florida Statutes, denying an attorney's fee award to the wife in a post-judgment contempt proceeding for nonpayment of alimony.
We recognize that among the factors for the trial court to consider in the exercise of its discretion to award fees is the contempt of the noncomplying spouse. Planes v. Planes, 477 So.2d 42 (Fla. 3d DCA 1985); Patterson v. Patterson, 399 So.2d 73 (Fla. 5th DCA 1981). It is also true that it is not necessary that one spouse be completely unable to pay in order for the trial court to order that the other spouse pay attorney's fees. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Patterson v. Patterson, 399 So.2d 73 (Fla. 5th DCA 1981). However, the financial resources of the parties, including need and ability to pay, remain among the factors for the court to consider. See Patterson v. Patterson, 348 So.2d 592 (Fla. 1st DCA 1977). See also McIntyre v. McIntyre, 434 So.2d 61 (Fla. 5th DCA 1983); Andrews v. Andrews, 409 So.2d 1135 (Fla. 2d DCA 1982). Here, the ability of the husband to pay an attorney's fee award was in dispute and the appellant had assets from which her attorneys could be paid. The trial judge had the discretion to find that the wife failed to meet her burden of proof in these respects. Child v. Child, 474 So.2d 299 (Fla. 3d DCA 1985).
The appellant has failed to show on appeal that there was a lack of substantial competent evidence in support of the court's order and has failed to meet her burden. The record does not support a finding of an abuse of discretion. See Marcoux v. Marcoux, 464 So.2d 542 (Fla. 1985); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
AFFIRMED.
ANSTEAD and DELL, JJ., concur.