518 So.2d 292 (1987)
Sally Ann AKERS, Appellant/Cross-Appellee,
v.
Benjamin Franklin AKERS, Appellee/Cross-Appellant.
No. 86-2151.
District Court of Appeal of Florida, Fifth District.
November 5, 1987.
On Motion for Rehearing January 21, 1988.
*293 John A. Baldwin, of Baldwin & Baum, Fern Park, for appellant/cross-appellee.
Roger J. McDonald, Orlando, for appellee/cross-appellant.
ORFINGER, Judge.
In this appeal from a final judgment of dissolution of marriage, the former wife argues that the trial court erred in awarding her rehabilitative alimony of $400 per month for 42 months rather than permanent alimony and in giving the former husband the option of satisfying the rehabilitative alimony obligation by making a onetime payment of $9,500, which would thereafter release him from liability for any alimony. She also contends that the amount of the rehabilitative alimony award and the amount of attorney's fees the husband was ordered to contribute toward her attorney's fees was so low as to show an abuse of the trial court's discretion. On cross-appeal the former husband argues the trial court erred in failing to award him his special equity of $10,000 in the marital home and in $3,000 worth of AT & T stock.
The 46 year old former wife enjoys good health and was employed in different fields throughout the 24 year marriage. At the time of the dissolution hearing she was employed in the accounting department of a department store, earning *294 $200 per week, and was attending college during the evenings to obtain a degree in business and computer science. The principal purpose of rehabilitative alimony is to establish the capacity for self support of the receiving spouse, either through the redevelopment of previous skills or by provision of the training necessary to develop potential supporting skills. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980). Because the evidence in this case indicates a potential for eventual self support by the receiving spouse, we cannot say that the trial court abused its discretion in awarding rehabilitative rather than permanent alimony.
In awarding rehabilitative alimony, the trial court included a provision in the final judgment whereby the former husband, in lieu of making monthly payments of $400 each for 42 months which the judgment required, could opt to make a onetime lump sum payment of $9,500 "and thereby fully satisf[y] any legal requirement for rehabilitative alimony. Thereafter, the Husband is not liable for any alimony." The trial court did not retain jurisdiction for the 42 month period over which the payments would have been spread, nor can the lump sum amount be considered the present value of the total of the 42 payments. While section 61.08(1), Florida Statutes (1985) does provide that rehabilitative alimony may be awarded in lump sum payments, the cases addressing lump sum rehabilitative awards specifically refer to the lump sum award as being payable over time. See, e.g., Faircloth v. Faircloth, 449 So.2d 412 (Fla. 2d DCA 1984) and O'Brien v. O'Brien, 423 So.2d 1013 (Fla. 4th DCA 1982). Here, the trial court improperly permitted the former husband, at his option, to divest the former wife of her right to seek future modification of the award. Rehabilitative alimony can be modified by an extension of the award, by a change in the amount of the payments, or by conversion of the award to permanent alimony if rehabilitation is not achieved within the original period provided. O'Neal v. O'Neal, 410 So.2d 1369 (Fla. 5th DCA 1982). The trial court had no way of determining that the wife could become self-supporting within the 42 month period, and there was no evidence that the payment of $9,500 in one lump sum would accomplish that purpose. The option provision in the final judgment thwarted the basic principle underlying the award of rehabilitative alimony and was clearly an abuse of discretion.
Prior to the start of trial, the parties stipulated that the husband had inherited AT & T stock worth approximately $3,000 which was placed in the joint names of the parties simply for inheritance purposes without the intention of a gift. The parties also stipulated that the husband had a special equity of $10,000 in the marital home. Contrary to this stipulation the court found that because the marital home and the stock were owned in both parties' names a gift had been intended and thus the former husband did not have a special equity in either. The stipulation dispensed with the need to present evidence on this issue and is taken as proved. Therefore there was no basis upon which the court could conclude that a gift was intended. Where there is no evidence to support the court's conclusion that a gift was intended, and upon unrebutted evidence to the contrary, it is error to deny a spouse's claim for special equity. Rabben v. Rabben, 468 So.2d 500 (Fla. 5th DCA 1985).
We further find that the award of $400 for the former wife's attorney's fees was an abuse of the court's discretion in face of the uncontested $3,440 attorney's fee incurred by the wife. Although we recognize that the former husband was also ordered to pay $500 towards the former wife's costs and whatever sum was not consumed by costs was also to go towards paying the attorney's fee, it appears from the record that the majority of this $500 will be consumed for the payment of costs. The former husband had a well-paying job with superior ability to pay the former wife's attorney's fees. The former wife had no liquid assets and a very modest income beyond the alimony awarded her. The parties clearly did not have equal ability to seek competent counsel and the former *295 husband has the ability to contribute more towards the wife's attorney's fees. See Canakaris v. Canakaris, 382 So.2d (Fla. 1980); Deakyne v. Deakyne, 460 So.2d 582 (Fla. 5th DCA 1984).
In sum, upon remand the trial court shall (1) eliminate that part of the final judgment giving the former husband the option to make a onetime lump sum payment of rehabilitative alimony, (2) give the husband his uncontested special equity of $10,000 in the marital home and in the AT & T stock, and (3) increase the amount of attorney's fees awarded the former wife. Because the financial positions of the parties will be altered by these requirements, on remand the trial court may reexamine the entire distribution scheme, including the amount of rehabilitative alimony awarded, which seems to us to be low in the circumstances of this case.
REVERSED and REMANDED for further proceedings.
DAUKSCH and COBB, JJ., concur.

ON MOTION FOR REHEARING
ORFINGER, Judge.
In the original opinion rendered in this case we relied upon a portion of the transcript which we read as a stipulation of the parties that the former husband had a special equity in AT & T stock and the marital home. In her motion for rehearing, the former wife refers us to subsequent sections of the transcript which lead to the conclusion that the attorneys did not intend to so stipulate. Later dialogue reflects that the parties stipulated only to the fact that the former husband acquired the stock and $10,000 (which $10,000 the former husband contends he invested in the marital home) by inheritance, a source unconnected with the marriage, and did not stipulate to the legal conclusion that a special equity existed. The trial court refused to take evidence on the former husband's special equity claims to the stock and marital home. Since the stipulation did not cover the special equity issue, we were incorrect when we held that no evidence on the issue was required. In light of our re-examination of the record, it is clear that such evidence is necessary. We therefore grant rehearing and amend our opinion by deleting the language awarding the former husband a special equity in the stock and the marital home based upon the stipulation. Upon remand the trial court shall take testimony to determine the special equity issue.
REHEARING GRANTED.
DAUKSCH and COBB, JJ., concur.