PER CURIAM.
This is an appeal by the husband Constantine Kitsos from a final judgment of marriage dissolution. He raises various points on appeal, none of which present reversible error. We accordingly affirm.
First, he urges that the trial court erred in setting aside the antenuptial agreement entered into by the parties. We cannot agree because there was substantial, competent evidence adduced below to support the trial court’s findings that the said agreement was
“neither fair nor reasonable; it was entered into without adequate financial disclosure, and the manner of its execution was ... a product of coercion.”
Final Judgment, at 4. Plant v. Plant, 320 So.2d 455 (Fla. 3d DCA 1975), cert. denied, 336 So.2d 107 (Fla.), cert dismissed, 341 So.2d 292 (Fla.1976).
Second, he urges that the equitable distribution in the case was not fair and reasonable and that the trial court abused its discretion in requiring the husband to pay for the wife’s attorney’s fees. An extended discussion of these points is not necessary as no abuse of discretion has been shown in these rulings. Tronconi v. Tronconi, 466 So.2d 203 (Fla.1985); Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); O’Steen v. O’Steen, 478 So.2d 489 (Fla. 1st DCA 1985).
Finally, he urges that the child support awards for the parties’ three-and-one-half-year-old child were excessive and an abuse of discretion. We cannot agree given the proven child support expenses shown below and the parties’ established standard of living. Peak v. Peak, 411 So.2d 325, 327 *920 (Fla. 5th DCA 1982); Thompson v. Thompson, 402 So.2d 1220 (Fla. 5th DCA 1981).
Affirmed.