560 So.2d 1372 (1990)
Maggie P. JOHNSON, Appellant,
v.
Louis B. JOHNSON, Appellee.
No. 89-887.
District Court of Appeal of Florida, Fifth District.
May 10, 1990.
*1373 Henry J. Martocci, Cocoa, for appellant.
No appearance for appellee.
GRIFFIN, Judge.
Maggie P. Johnson appeals a final judgment of dissolution of marriage. The issues on appeal are whether the trial court abused its discretion in the amount of permanent alimony awarded and in failing to award sufficient attorney's fees and costs.
As to the alimony award, we agree that the award is low but we are unable to find an obvious abuse of discretion. The record indicates appellant has the ability to contribute some income to the household, especially in view of her relative youth. We also note that the trial court has retained jurisdiction of the parties and their cause should appellant be unable to find employment as expected. See Peak v. Peak, 411 So.2d 325 (Fla. 5th DCA 1982).
Appellant also argues that the trial court erred in failing to award all of her reasonable attorney's fees and costs incurred in connection with the dissolution proceeding. We agree. This court has recognized in numerous cases that the purpose of section 61.16, Florida Statutes, is to ensure that both parties have similar ability to secure competent legal counsel. See Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla. 1980); Peak v. Peak, 411 So.2d at 328; Patterson v. Patterson, 399 So.2d 73 (Fla. 5th DCA 1981). Under Canakaris, it is appropriate to award a party attorney's fees not only when one spouse would be otherwise unable to afford competent counsel, but based on the other party's "superior financial ability" to secure an attorney. See Canakaris v. Canakaris, 382 So.2d at 1205.
Here, it is apparent that the parties are not on an equal footing with respect to counsel. At the present time, appellant has no income and no assets, apart from the marital home. By contrast, appellee has already paid his attorney in full from marital assets and has a well-paying job with superior ability to pay appellant's fees. The trial court erred in awarding her such an insignificant portion of her attorney's fees and costs. See Akers v. Akers, 518 So.2d 292, 294 (Fla. 5th DCA 1987); Deakyne v. Deakyne, 460 So.2d 582, 583 (Fla. 5th DCA 1984); Peak v. Peak, 411 So.2d 325, 328 (Fla. 5th DCA 1982). Accordingly, we remand the award of attorney's fees to the trial court with instructions to award appellant her reasonable attorney's fees and costs.
AFFIRMED in part; REVERSED in part and REMANDED.
DAUKSCH and GOSHORN, JJ., concur.