W. SHARP, Judge,
dissenting.
I dissent on two grounds. First, I think the trial judge abused his discretion by denying the former wife (Lisa) any attorney fees in this dissolution case, based on the relative abilities of the parties to pay and their comparative net worths. And second, I think the trial judge reached his decision not to award fees because of his misinterpretation of section 61.075(1).
The parties in this case accumulated few marital assets over the course of their twelve-year marriage: their residence; two undeveloped lots, and a mobile home located on ten acres. By way of equitable distribution, the trial judge awarded the former husband (Daniel) the marital residence (equity worth $35,000), and Lisa the mobile home and acreage (worth approximately $80,000). He also awarded Lisa the two undeveloped lots (worth approximately $34,000) “as lump sum rehabilitative alimony.” Neither of these awards nor the alimony and child support provisions of the final judgment were challenged on appeal.
*328 Taking into consideration the distribution of marital assets, the parties have quite disparate non-marital assets and income resources. Lisa was and will remain a homemaker. She was awarded custody of the parties’ three young children. She has no assets other than the marital assets she was awarded as equitable distribution (the trailer where she is currently living with the three children) and the two undeveloped lots (her husband’s ½ interest in which was awarded as lump sum rehabilitative alimony). She has no income from any source other than $900 per month awarded as permanent alimony and $900 per month for child support. The total of the two support sums hardly covers Lisa’s and the children’s living expenses.
Daniel is employed, and receives (including family trust income) $2,905 per month. His father had contributed various additional sums throughout the marriage, averaging $1,620 per month during the dissolution proceedings. Daniel also inherited from his family some twenty-three acres located in Palm Beach County. Evidence at the trial established the Palm Beach property is worth one million to three million dollars. Thus, Daniel’s financial net worth exceeds Lisa’s by at least ten times, and at the most, 30 times.
The trial court denied Lisa’s motion for an award of any portion of her attorney fees in this case because he reasoned that requiring Daniel to pay attorney fees for Lisa would constitute an equitable distribution of non-marital assets, which was prohibited by section 61.075(1), Florida Statutes (1989). In its order, the trial judge said:
Neither party has any liquid assets to pay attorney's fees. After distributing the marital property, awarding child support and awarding alimony, the former husband has no ability to pay attorney’s fees from his income. Therefore, the issue is whether, under the circumstances of this case, the former husband may be required to sell nonmarital assets to pay the former wife’s attorney’s fee. Requiring the husband to sell nonmarital property to pay petitioner’s attorney’s fee in effect distributes nonmarital assets to petitioner. Such a distribution violates § 61.075(1), Fla.Stat. (1989).
Section 61.075(1) provides:
In a proceeding for dissolution of marriage, in addition to all other remedies available to the court to do equity between the parties, ... the court shall set apart to each spouse that spouse’s non-marital assets and liabilities and shall distribute between the parties the marital assets and liabilities in such proportion as are equitable, after considering all relevant factors, ...
Determining what assets are marital or non-marital, and then making an equitable distribution of the marital assets is the first, but not the only business which a dissolution court must handle. Nowhere in the new equitable distribution statute[1] is the trial court prohibited from considering non-marital assets as a source from which alimony or lump sum alimony can be paid, assuming the marital assets are insufficient or inadequate. Nor is the trial court barred from considering a spouse’s total financial circumstances, including non-marital assets, in determining whether to award attorney’s fees and costs to an impecunious spouse. Older Florida case law on these points[2] has not been changed by the new equitable distribution statute.
If the trial court’s failure to award attorney’s fees to Lisa was based-on its misconception that the equitable distribution statute precluded him from doing so because under that statute he could not distribute non-marital assets, that is simply an erroneous view of the law. Where a trial judge fails to apply the correct legal rule, the action is erroneous as a matter of law. This is not a matter of an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980).
But in addition, in my view, the trial court’s failure to award any attorney’s fee *329 and costs to Lisa appears to be an abuse of discretion. In Canakaris, the court explained that the purpose of section 61.16, which provides for an award of attorney’s fees and costs in dissolution cases, is to ensure that both spouses have similar abilities to secure competent legal counsel. One spouse need not be completely destitute to merit such an award, if the other has greatly superior financial ability to obtain counsel. Johnson v. Johnson, 560 So.2d 1372 (Fla. 5th DCA 1990).
In Canakaris, the husband’s net worth was $3,700,000. The wife was awarded $385,000 plus $7,000 per month alimony. The parties’ financial disparity was close to l-to-10, but the wife in Canakaris also had significant liquid assets, in contrast with Lisa, in this case. The district court reversed an award of attorney’s fees to the wife in Canakaris. The supreme court reversed the district court, saying:
... without question, the financial positions of the parties in this proceeding are not the same. The husband has a superi- or financial ability to secure and pay counsel. It is not necessary that one spouse be completely unable to pay attorney’s fees in order for the trial court to require the other spouse to pay these fees. Given the complexity of the cause and the time necessary to appropriately resolve the issues, the award of attorney’s fees in this case was proper to avoid an inequitable diminution of the fiscal sums granted the wife in these proceedings.
382 So.2d at 1205.
In this case, the disparate financial circumstances of the parties is as great as in Canakaris, although the disparity is created by Daniel’s non-marital assets. In Canakaris, the former husband’s superior assets were essentially marital assets built and acquired during a long-term marriage. I suggest that is a distinction without any meaning or relevance.
Denying attorney fees to Lisa in this case will have one of two unfortunate consequences. The first is that her attorney will not be paid in full, or if in part, not timely. That will contribute to the now-acknowledged syndrome of attorneys declining to represent women in dissolution cases because of fee considerations. Report of The Florida Supreme Court Gender Bias Study Commission at 49-50 (1990).
The second possibility is that Lisa will either have to expend her alimony or child support to pay attorney fees (a purpose for which neither award was intended) or resort to one of the two assets she was awarded by the court in this case. The undeveloped lots were awarded as “rehabilitative lump-sum alimony.” We must assume it was needed and justified to “rehabilitate” Lisa’s income producing skills or some other valid purpose since it was not challenged on appeal. Payment of attorney fees was not the purpose for such an award. Lisa could also sell the trailer and acreage, but that is the only residence she has for herself and her children. Forcing Lisa to consume her few and needed capital resources to pay attorney fees in this case, I submit was an abuse of judicial discretion. To requote Canakaris:
... the award of attorney’s fees in this case was proper to avoid an inequitable diminution of the fiscal sums granted to the wife in these proceedings.
382 So.2d 1205.

. § 61.075, Fla.Stat. (1989).

. See, e.g., Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Firestone v. Firestone, 263 So.2d 223 (Fla.1972).