697 So.2d 218 (1997)
David ST. PIERRE, Appellant,
v.
Susan R. GREENBERG f/k/a Susan R. St. Pierre, Appellee.
No. 96-4022.
District Court of Appeal of Florida, Fourth District.
July 23, 1997.
Dale F. Webner of Baur, Miller & Webner, P.A., Miami, for appellant.
Michael D. Wood and Kenneth M. Malnik of Malnik & Salkin, P.A., Plantation, for appellee.
PER CURIAM.
Appellant appeals an order modifying child support, imposing a pay schedule for child support arrearage amounts, and assessing attorney's fees against him. We affirm in part and reverse in part.
The trial court ordered Appellant to pay the attorney's fees incurred by his ex-wife when she brought suit to enforce payment of child support arrearage amounts. Appellant argues that the trial court failed to consider his ability to pay the fees.
*219 In assessing attorney's fees against a party, a trial court may consider that party's willful refusal to comply with an existing order if that conduct made further litigation necessary for enforcement. See Patterson v. Patterson, 399 So.2d 73 (Fla. 5th DCA 1981). In doing so, however, the trial court must still consider the need of the movant and the ability of the recalcitrant party to pay the movant's fees. See id. at 74-75; see also § 61.16, Fla. Stat. (1995); Warnhoff v. Warnhoff, 493 So.2d 52 (Fla. 4th DCA 1986).
Appellant does not challenge his exwife's need for assistance in paying her attorney's fees. Appellant argues only that the record appears void of any evidence of his ability to pay the fees assessment against him. We agree. Neither party can show this Court where in the record it is evidenced that the trial court considered Appellant's ability to pay his ex-wife's attorney's fees. Instead, there is evidence to the contrary, in that the trial court stated on the record that it did not know how Appellant could pay all the amounts assessed against him. By failing to consider Appellant's ability to pay before assessing the fees against him, the trial court abused its discretion. See § 61.16; Warnhoff, 493 So.2d at 52.
Accordingly, we reverse that portion of the trial court's order assessing attorney's fees against Appellant and remand for further proceedings consistent with this opinion. We also order the trial court to correct its mathematical errors made when modifying the child support amount. In all other respects, we affirm.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
STONE, C.J., and GUNTHER and FARMER, JJ., concur.