PER CURIAM.
In this appeal and cross-appeal of a final judgment of dissolution, Vera Heldreth Fitzpatrick, the former wife, argues that the lower court abused its discretion in entering a final judgment which was inconsistent with certain findings made at the conclusion of an evidentiary hearing held approximately five and a half months before the final judgment was entered. The appellee, Michael Leo Fitzpatrick, the former husband also seeks reversal of the final judgment arguing the lower court erred in its valuation of the retirement plan as stated, in the final judgment and in awarding attorney’s fees to the former wife. We reverse.
In McKenzie v. McKenzie, 672 So.2d 48 (Fla. 1st DCA 1996), this court noted that certain inconsistencies in the final judgment suggested that the trial court may not have recalled the evidence at the final hearing. Similarly, in the instant ease, certain findings contained in the final judgment regarding valuation, such as the value of the marital home and the value of the former husband’s civil service pension, suggest the lower court had overlooked or failed to recall findings earlier made. Further, while we do not hold that a five and a half month delay between a final hearing and entry of final judgment is *9 per se error, we do find in the instant ease that the delay was harmful in light of the inconsistencies identified by both the former husband and the former wife in the instant appeal. Compare, Polizzi v. Polizzi, 600 So.2d 490 (Fla. 5th DCA 1992)(delay of 3 1/2 months between the hearing and judgment in dissolution case required a new hearing). We therefore reverse and remand for further consideration of the hearing transcript by the lower court. A second evidentiary hearing is not required unless the lower court deems it necessary.
REVERSED and REMANDED for further proceedings.
BOOTH, BENTON and VAN NORTWICK, JJ., concur.