712 So.2d 1235 (1998)
Ashley R. POLLOW, Appellant,
v.
Jean D. POLLOW, Appellee.
No. 97-0885.
District Court of Appeal of Florida, Fourth District.
July 1, 1998.
Peter J. Snyder of Peter J. Snyder, P.A., West Palm Beach, for appellant.
Donald C. Dowling of Spinner, Dittman, Federspiel & Dowling, Delray Beach and Steven J. Vann, West Palm Beach, for appellee.
PER CURIAM.
We reverse a final judgment for dissolution finding error only as to that portion of the judgment relating to payment of private school tuition. In all other respects, we affirm.
Although Appellant's monthly income was disputed, the trial court found that his income is $5,500 per month and Appellee's is $750. Based on this finding, the court ordered that Appellant pay child support of $2,500 per month plus private school tuition, health insurance, and two-thirds of uninsured medical expenses.
When the child support guideline amount is calculated based on $5,500 income, the father's share of the guideline amount is $2,205.28. The court may increase that amount by 5% without written reasons. § 61.30(1)(a), Fla. Stat. (1995). With the 5% increase, Appellant's share of child support would be $2,315.54. The trial court has additional *1236 authority to increase the amount by making written findings explaining the deviation. Section 61.30(1)(a) provides:
The trier of fact may order payment of child support in an amount which varies more than 5 percent from such guideline amount only upon a written finding, or a specific finding on the record, explaining why ordering payment of such guideline amount would be unjust or inappropriate.
Additionally, section 61.30(11)(a), Florida Statutes states that the court may adjust the award based on "extraordinary medical, psychological, educational or dental expenses." Here, the court supported the deviation, stating, "The Court has adjusted monthly child support due to the extraordinary condition of the children's mental health needs and the family history." Thus, the award of $2,500 per month is affirmed.
Appellant also argues that the trial court erred by ordering him to pay $1,800 a month in private school tuition in addition to the support. Private educational expenses may be awarded only where the non-custodial parent has the ability to pay for that private school. Wilson v. Wilson, 559 So.2d 698 (Fla. 1st DCA 1990). Here, awarding private school tuition has the effect of ordering Appellant to pay 78% of his monthly income for child support. We hold that the award constitutes an abuse of discretion. We recognize that the tuition order is supportable based on Appellant's past earning ability. However, the trial court did not impute additional income to Appellant, and our consideration is limited to the court's fact-based finding as to his present income. We remand for support modification removing Appellant's obligation to pay private school tuition. As to the other issues raised, including custody issues, we find no reversible error has been demonstrated, and affirm.
STONE, C.J., and STEVENSON and SHAHOOD, JJ., concur.