848 So.2d 454 (2003)
Joseph DELILLO, Appellant,
v.
Catherine DELILLO, Appellee.
No. 4D02-1788.
District Court of Appeal of Florida, Fourth District.
July 2, 2003.
Irene Annunziata of The Law Office of Irene Annunziata, P.A., Fort Lauderdale, for appellant.
Catherine DeLillo, Plantation, pro se.
SHAHOOD, J.
We affirm as to the tax issue, but reverse and remand the award of attorney's fees because the trial court did not make findings concerning the former wife's need and the former husband's ability to pay fees and costs. Moreover, the former wife was awarded an amount of fees that was different than that testified to at the hearing.
The prevailing law requires the trial court in a dissolution proceeding to assess the needs of the party seeking fees and the financial resources of both parties and *455 award reasonable fees accordingly. See Rosen v. Rosen, 696 So.2d 697, 698 (Fla. 1997); § 61.16, Fla. Stat. (2002). The trial court must make findings to substantiate the awards and allow for meaningful review. See Hernandez v. Riley, 821 So.2d 456 (Fla. 1st DCA 2002); see also Simpson v. Simpson, 780 So.2d 985 (Fla. 5th DCA 2001)(the trial court must make findings as to a reasonable hourly rate and the number of hours reasonably expended).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.
WARNER and KLEIN, JJ., concur.