864 So.2d 1236 (2004)
Michael Gene ROWL, Appellant,
v.
Donna Jeannine ROWL, Appellee.
Nos. 5D02-1952, 5D02-3703.
District Court of Appeal of Florida, Fifth District.
January 30, 2004.
*1237 Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
Tiffany M. Chill and Keersten Heskin Martinez of Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A., Orlando, for Appellee.
THOMPSON, J.
Michael Gene Rowl ("former husband") appeals a judgment of dissolution of marriage. We affirm.
The former husband contends that the judgment should be reversed because the trial court did not render its judgment until over nine and a half months after the last day of trial. In instances of a delayed judgment, a reversal is warranted when the judgment contains deficiencies or inconsistencies. See Walker v. Walker, 719 So.2d 977 (Fla. 5th DCA 1998); see also Florida Air Academy, Inc. v. McKinley, 688 So.2d 359, 360 (Fla. 5th DCA 1997); Fitzpatrick v. Fitzpatrick, 678 So.2d 8 (Fla. 1st DCA 1996). In the instant case, although the judgment was delayed by nine and a half months, the former *1238 husband has failed to show that the judgment contained inconsistencies or deficiencies that would warrant a reversal. Next, although the former husband does not dispute the reasonableness of the hourly rate charged by the former wife's attorneys, he contends that the number of hours expended on the case was unreasonable. Additionally, the former husband argues that the rate of $75 per hour for paralegal work was also unreasonable. Whether to award attorney's fees is a matter within the trial court's sound discretion. Vitalis v. Vitalis, 799 So.2d 1127, 1132 (Fla. 5th DCA 2001). The prevailing law requires the trial court in dissolution proceedings to assess the needs of the parties seeking fees and to award reasonable fees accordingly. DeLillo v. DeLillo, 848 So.2d 454, 454 (Fla. 4th DCA 2003). The trial court must make findings to substantiate the awards and allow for meaningful review. Id. This court has held that the trial court's failure to make findings of fact in the judgment as to the number of hours spent and a reasonable hourly rate will subject the judgment to reversal and remand. See Porzio v. Porzio, 812 So.2d 485 (Fla. 5th DCA 2002); see also Saporito v. Saporito, 831 So.2d 697 (Fla. 5th DCA 2002) (holding that reversal of attorney's fees was required where the trial court failed to make specific findings as to the number of hours reasonably expended and an hourly rate).
In the instant case, the trial court specified in the final judgment the number of hours expended and the hourly fee. The trial court found that the former wife's attorneys' fees were not duplicative and that the hourly rates charged and time expended on the case were reasonable and comparable to the hourly rates prevailing in the community for similar services by lawyers. At the hearing, one of the former wife's attorneys testified and provided a record detailing the type and amount of work performed. See Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla.1985) (stating that to accurately assess the labor involved, the attorney fee applicant should present records detailing the amount of work performed). Additionally, there was testimony at trial that the former wife incurred additional legal fees because of the former husband's failure to pay child support and failure to maintain insurance for the former wife and children. We find no abuse of discretion in the attorney's fee award. Furthermore, we find the paralegal's rate was reasonable and supported by the evidence.
The former husband further argues that the trial court abused its discretion in determining that the former husband earned a substantially greater income than the wife and had the ability to pay the former wife's attorney's fees. Although the former wife was not completely unable to pay attorney's fees, it is evident that the former husband had a superior financial ability. The former husband's income had been $55,000 per year for the past year and a half, while the former wife had recently begun working full time at $7.75 per hour. In addition, she had paid her previous attorney fees of almost $17,000. Given that the former husband's income is approximately $55,000 per year, the amount of attorney's fees that the trial court ordered the former husband to pay was reasonable. Compare Deakyne v. Deakyne, 460 So.2d 582, 583 (Fla. 5th DCA 1984) (citing Patterson v. Patterson, 399 So.2d 73 (Fla. 5th DCA 1981)) (where one party has superior financial ability to secure counsel, it is not necessary that the other spouse be completely unable to pay attorney's fees).
Finally, the former husband argues that the former wife did not establish a need for rehabilitative alimony. An *1239 award of rehabilitative alimony must be based on an adequate and credible plan presented to the court. Beasley v. Beasley, 717 So.2d 208 (Fla. 5th DCA 1998). The spouse must present evidence establishing the objective of the rehabilitation, the areas in which rehabilitation is desired, and the amount of rehabilitative alimony necessary. Kalmanson v. Kalmanson, 796 So.2d 1249, 1250 (Fla. 5th DCA 2001). An award must be based on an adequate and credible rehabilitative plan, assuming that the requesting party also demonstrates his or her need and the other party's ability to pay. Layeni v. Layeni, 843 So.2d 295 (Fla. 5th DCA 2003). Although the reviewing court is not to substitute its judgment for that of the trial court through re-evaluation of the evidence, the reviewing court should determine whether the trial court's judgment is supported by competent evidence. Saporito, 831 So.2d at 701.
In this case, the former wife testified that she did not have a college or technical degree and that she was planning to return to school to receive an education in sign language interpretation. The former wife testified it would take approximately five to seven years if she attended full time and seven to ten years if she attended part time because she would need to immerse herself in the new language. The former wife testified that as an interpreter, she would make $12 to $24 per hour, while her current pay rate was $7.75 per hour. The former wife testified that she could not afford to obtain the degree without rehabilitative alimony, and she estimated that she needed $500 per month to obtain her degree. In its judgment, the trial court found that the former wife was capable of rehabilitation and had the ability to obtain sufficient education and training to enable her to become employed in sign language translation. The trial court found that the former wife had been homemaker and caretaker while she followed her husband during his career in the Navy, that the former husband's income was substantially greater than the former wife's income, and that without rehabilitative alimony, the former wife would be unable to sustain a standard of living acquired during the marriage. We conclude that the judgment ordering rehabilitative alimony was supported by competent evidence.
AFFIRMED.
PETERSON and TORPY, JJ., concur.