880 So.2d 779 (2004)
John F. ZOLD, Appellant,
v.
Sherry Palicte ZOLD, Appellee.
Nos. 5D03-148, 5D03-2117.
District Court of Appeal of Florida, Fifth District.
June 25, 2004.
Rehearing Denied August 18, 2004.
Charles W. Willits, Orlando, for Appellant.
Norman D. Levin and Richard L. Trionfo of Norman D. Levin, P.A., Longwood, for Appellee.
PETERSON, J.
John F. Zold appeals a final judgment dissolving his marriage to Sherry Palicte Zold. He alleges that the trial court erred: (1) in determining his percentage of ownership of capital stock in Tri Tech Electronics, Inc., ("Tri Tech"), a close corporation electing to be taxed pursuant to Subchapter S of the Internal Revenue Code; (2) in attributing income to him from Tri Tech; (3) in ordering excessive support obligations which leave him without sufficient funds with which to support himself; (4) in awarding permanent alimony to Sherry, whom he alleges to be able to be self supporting; and (5) in awarding attorney's fees to her.
John, who was sixty-five years of age, and Sherry, who was fifty at the time of the trial, have one fifteen year old child. John is the chief executive officer of Tri Tech and Sherry was a full-time housewife with one year of college. She was employed as a secretary making $20,000 per year prior to the marriage.
On November 27, 2002, the trial court ordered John to pay Sherry:

*780
 $172,088.50 within sixty days.
 1,797.66 monthly until $200,000, plus interest @ 7% was paid.
 5,000.00 monthly as permanent alimony.
 520.94 monthly as child support.
 ? Premiums on a $500,000 life insurance policy, the amount of which is
 unknown.
 ? Health and dental insurance.
 ? One-half of the child's clothing, schooling, entertainment, and other and
 uninsured medical expenses.
 ___________
 $189,406.20 +
 ===========

An order dated June 4, 2003, supplemented the November 27th order and required payment of Sherry's attorney's fees at the rate of $1,000 per month on a $4,000 award, plus interest. A second order also required payment of Sherry's attorney's fees and costs at the rate of $1,000 per month on a $90,000 award. The total burden under all three orders required John to pay at least an estimated $10,000 per month plus the $172,088.50 lump sum within sixty days.
The only marital asset distributed to John, and the only source of income to satisfy the obligations imposed on him by the trial court, was his interest in Tri Tech, the capital stock of which is owned by John and one other stockholder. The percentage of ownership by the two shareholders, the value of John's shares of stock and the income available to John from this corporation form the main issues of this appeal.

PERCENTAGE OF OWNERSHIP
John disputes the trial court's finding that his portion of the capital stock is worth $890,000. He claims that this value was incorrectly determined by applying a percentage rate of 57.15428, found by the trial court to be his percentage of ownership of the Tri Tech stock. John claims he only owns forty percent. There is substantial competent evidence in the record, however, to support the trial court's finding that John owned 57.15428 percent of the Tri Tech stock. E. g., Deakyne v. Deakyne, 460 So.2d 582, 583 (Fla. 5th DCA 1984).

INCOME
The source of all John's income is from Tri Tech. Tri Tech and its two shareholders have elected to be taxed under Subchapter S of the Internal Revenue Code, which means that all corporate income is "passed through" to the shareholders in accordance with their percentage ownership of the stock of the corporation. "Pass through" income would be reported on the shareholders' individual federal income tax returns. Although all of the corporate income must be reported and taxed, the individuals do not necessarily receive distributions of cash equal in amount to the income subject to taxation. Only that amount of cash is distributed in excess of what must be retained for corporate purposes.[1]
It is apparent that the final judgment includes in John's income, for purposes of establishing support and equalization of marital assets, all of John's Subchapter S share of Tri Tech's income and considers *781 Tri Tech's cash as available to John for the payment of obligations established in the final judgment and award of attorney's fees.
When a corporation has more than one shareholder, an officer/shareholder has a fiduciary duty to all shareholders. The corporation is not the personal piggy bank for any one shareholder simply because that shareholder may have a controlling interest in the corporation and is also the chief executive officer. Financial responsibilities to creditors and employees must be satisfied before distributions to shareholders take place if a corporation is to remain viable. Once the distributions are found to be possible, the distributions must be pro-rata in accordance with the percentage ownership of the capital stock of the corporation. Court ordered obligations in marital litigation should not place an ex-marital partner in the position of having to breach a corporate fiduciary obligation in order to avoid the possibility of a court finding that partner contemptuous.
Tri Tech's other shareholder is an attorney and the tenor of his testimony at trial does not indicate that John is free to treat the corporate cash as his piggy bank, nor to accumulate cash rather than distribute it, especially when the federal income tax on it had been previously paid. Tri Tech's cash on hand at year-end 1999, 2000 and 2001 was $92,854, $196,881 and $392,163,[2] respectively. However, its liabilities for those same time periods were $1,230,618, $1,094,609 and $1,115,417. The corporate accountant testified that distribution of cash to shareholders equal to the total corporate earnings should not be made because cash is required to be retained as working capital to maintain business operations of the corporation and to avoid bankruptcy.
Sherry's brief states: "Appellant (John) testified that there was over $250,000 immediately available (for distribution to shareholders)." No citation to the record appears for that statement and although we have reviewed the voluminous record in order to locate the statement, we have not found it. We should also add that even if $250,000 was available to distribute to shareholders, John's portion would still not satisfy the financial burden of an amount exceeding $189,406.20 placed on him by the final judgment. John's share would either be $100,000 (40%) or $142,886 (57.15428%), depending upon the resolution of the capital stock ownership controversy.[3]
The final judgment states that Tri Tech's "available income on its balance sheet increased from $92,853 at year-end 1999 to $196,881 at year-end 2000 to $372,908 at year-end 2001." (Emphasis added.) A balance sheet does not show available income. A balance sheet shows assets, liabilities and owners' equity. Although balance sheets show cash on hand, the same does not represent income available for distribution to its shareholders. The record does not support the trial court's determination that these amounts could be distributed by the corporation to the shareholders without jeopardizing corporate operations. This misunderstanding and the appearance that the final judgment considers all of the "pass through" *782 Subchapter S income as being available personally to John to "spend" for non-corporate purposes requires us to vacate portions of the judgment and remand for reconsideration in light of our decision.
We vacate that portion of the Final Judgment of Dissolution of Marriage, dated November 27, 2002, that makes findings as to John's income and that portion of the final judgment ordering support and equitable distribution. Additionally, we vacate the two awards of attorneys' fees to Sherry, dated June 4, 2003. We remand with instructions to:
1. Make findings as to the amount of income available to John for the purposes of support for Sherry, his child and himself without considering any undistributed Subchapter S income to shareholders unless it can be demonstrated that Tri Tech has delayed distributions of cash for purposes other than corporate requirements.
2. Award such amounts of support for alimony and child support based upon the finding of income available to John.
3. Structure a realistic method of payment of support and equitable distribution, and if awarded, attorney's fees, so that John has the ability to successfully retire the debt with a sufficient remainder for his living expenses. The payments should not be so large as to guarantee John's failure to satisfy the obligations imposed by the judgment.
AFFIRMED IN PART, VACATED IN PART and REMANDED.
THOMPSON and ORFINGER, JJ., concur.
NOTES
[1] See the concurring opinion in Anson v. Anson, 772 So.2d 52, 56-57 (Fla. 5th DCA 2000), for a discussion of retained income for corporate purposes and its affect on distribution of income to shareholders.
[2] The record contains some discussion of a cash advance by a customer of a substantial amount for the purchase of materials to be processed by Tri Tech. This discussion was offered to explain the increase in cash at 2001 year-end.
[3] The finding by the trial judge that John owns 57.15428% of Tri Tech does not affect Tri Tech or its stockholders who were not parties to these proceedings.