PALMER, J.
Suzanne Jones (wife) appeals the trial coui’t’s final order dissolving her marriage to Raymond Jones (husband). Concluding that the trial court erred in imputing income to the wife equal to that of the husband, we reverse.
Section 61.30(2)(b) of the Florida Statutes (2002) provides the following, with regard to imputed income:
61.30. Child support guidelines; retroactive child support
[[Image here]]
(2) Income shall be determined on a monthly basis for the obligor and for the obligee as follows:
[[Image here]]
(b) Income on a monthly basis shall be imputed to an unemployed or underemployed parent when such employment or underemployment is found to be voluntary on that parent’s part, absent physical or mental incapacity or other circumstances over which the parent has no control. In the event of such voluntary unemployment or underemployment, the employment potential and probable earnings level of the parent shall be determined based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community; however, the court may *801 refuse to impute income to a primary residential parent if the court finds it necessary for the parent to stay home with the child.
§ 61.30(2)(b), Fla. Stat. (2002). Although this court is not permitted to substitute its judgment for that of the trial court through re-evaluation of the evidence, we must determine whether the trial court’s finding that the parties have an equal earning capacity is supported by competent evidence. Rowl v. Rowl, 864 So.2d 1236 (Fla. 5th DCA 2004). In this case, it is not.
Here, the trial court made the following findings in its final judgment regarding the issue of child support:

CHILD SUPPORT

11. Child Support. The court notes that the wife is the one who holds an active general contractor’s license. She may prove to be more capable of finding employment than the husband. In fact, the parties worked together in an equal partnership, and they succeeded. The wife is voluntarily underemployed now as a receptionist in her sister’s office, and she has not attempted to find work in the contractor field. The husband is not licensed, and claims he is not capable of passing the test for licensure. Their future income potential as separate earners cannot be speculated about. If she removes her license from R.D. Jones, its future will be dubious. The court imputes an equal earning capability to the parties based upon their past record....
In issuing these findings, the trial court failed to make any specific finding regarding either of the parties’ incomes other than to impute an equal earning capability to the parties based upon their past record.
Our review of the record reveals that the husband testified that he earned a monthly salary of $2,000.00 and received a monthly consulting fee of approximately $3,271.00. He also testified that the consulting fee was paid to his sole proprietorship. The total of those two numbers results in an amount of $5,271.00 in monthly income for the husband. The record further demonstrates that, in 2003, the husband earned a total of $66,262.05. In 2002, the husband’s total income was $78,326.02. In 2001, the husband’s income was $88,661.45. In 2000, husband’s income was $156,045.99.
In contrast, the wife’s family law financial affidavit indicates a monthly gross income of $1,337.92. The wife’s total income for 2003 was $35,484.39. In 2002, the wife’s total income was $31,153.99. In 2001, the wife’s total income was $30,400.00. In 2000, the wife’s income was $7,500.00.
Thus, the record demonstrates that the wife’s earnings never matched the husband’s earnings during the course of their marriage and thus, the trial court’s ruling imputing an equal earning ability to both parties is not supported by competent substantial evidence. See Tarnawski v. Tarnawski, 851 So.2d 239 (Fla. 4th DCA 2003)(holding it is error for the trial court to impute income to a spouse in an amount higher than the spouse has ever historically earned, absent special circumstances).
Furthermore, the trial court erred in making the finding that the wife had equal earning power and that she was voluntarily underemployed as a receptionist since she holds an active general contractor’s license. Sufficient evidence was not presented by the husband regarding what the wife’s earning potential would be as a general contractor in Volusia County. The record demonstrates simply that during the parties’ marriage the wife used her *802 general contractor’s license exclusively to support the husband’s business yet the wife never made as much money as the husband during the marriage. The only evidence presented at trial regarding the wife’s ability to obtain other employment was testimony from the husband that he did not know of any reason why the wife would be unable to get a job as a general contractor. The husband testified that he searched the internet and newspapers and found over 60 positions, between construction secretary to senior project manager, and that the salary range for these positions was from $32,000 per year to $190,000 per year.
In summary, the evidence presented in this case was inadequate to support the trial .court’s decision to impute an equal earning ability to the wife since (1) the trial court never set forth the amount and source of income imputed to the wife; (2) in imputing income to the wife the trial court relied solely on the fact that the wife held a general contractor’s license; (3) the record revealed that the wife never earned an equal salary to husband; and, (4) the husband failed to present sufficient evidence regarding the prevailing earnings level in the community for an individual holding a general contractor’s license. See Harbus v. Harbus, 874 So.2d 1230 (Fla. 4th DCA 2004)(holding trial court is required to set forth the amount and source of the income which is imputed to parent for child support purposes); Hinton v. Smith, 725 So.2d 1154 (Fla. 2d DCA 1999)(holding that the attainment of a degree alone does not guarantee employment or a particular salary and, thus, does not constitute sufficient evidence to support imputation for child support purposes).
Accordingly, we reverse the trial court’s imputation of equal income to the wife and remand this matter to the trial court for reconsideration of the evidence regarding the parties’ earning capabilities and the related issues of alimony, attorney’s fees, and child support. In all other respects, the final dissolution judgment is affirmed. See Andrews v. Andrews, 867 So.2d 476 (Fla. 5th DCA 2004).
AFFIRMED in part; REVERSED in part; REMANDED.
GRIFFIN and THOMPSON, JJ„ concur.