985 So.2d 1226 (2008)
Gregory A. KAISER, Appellant/Cross-Appellee,
v.
Tracey L. HARRISON, Appellee/Cross-Appellant.
No. 5D06-2826.
District Court of Appeal of Florida, Fifth District.
July 18, 2008.
*1227 Gregory A. Kaiser, Bradenton, pro se.
Thomas R. Townsend, Jr. of Thomas R. Townsend, P.A., Rockledge, for Appellee/Cross-Appellant.

ON MOTION FOR REHEARING
THOMPSON, E., Senior Judge.
Gregory Kaiser ("Kaiser") filed a motion seeking reconsideration and clarification of the opinion issued by this court on May 23, 2008. We deny the motion, withdraw our previous opinion, and substitute this corrected opinion in its stead.
Kaiser challenges the trial court's final judgment on his amended supplemental petition for modification of final judgment establishing paternity and the supplemental counterpetition for modification of child support filed by Tracey Harrison ("Harrison"). Kaiser appeals a $35,000 award of attorney's fees to Harrison and an order that he pay 57% of the child's private school expenses. Harrison cross appeals contending the trial court erred in not considering her expert witness's testimony to impute income to Kaiser for child support or her exhibit evidence that he used business income to pay his personal expenses. We affirm in part and reverse in part.
The trial court entered a final judgment of paternity on 13 April 1999. The original final judgment of paternity decreed shared parental responsibility, awarded Harrison primary residential custody along with $595.62 in non-retroactive monthly child support, and established that Kaiser would provide the majority of the transportation to facilitate visitation. Kaiser sought to amend the final judgment by filing a supplemental petition in 2001 and an amended supplemental petition for modification in *1228 2003. The trial court's ruling on Kaiser's amended supplemental petition and Harrison's counterpetition for modification of child support are the basis for this appeal.
After five days of hearings, the trial court entered a final judgment of modification. The trial court entered a detailed order granting Harrison sole parental responsibility, approving the child's continued attendance at Park Avenue Christian Academy, determining child support from the time of filing in September 2001 and for each ensuing year, awarding Harrison $1507.82 for child support arrears, ordering Kaiser to pay 57% of the child's private school expense, and awarding Harrison a contribution of $35,000 toward her attorney's fees and costs. At the conclusion of the hearing, Kaiser requested the court conduct an evidentiary hearing on attorney's fees if it was inclined to rule on the issue. The court responded that normally a party made this request at the beginning and ended the hearing without ruling on the request.
Both parties presented expert witnesses to testify about Kaiser's income and expenditures. Harrison's CPA, Lawley, was accepted as an expert in accounting and tax. Lawley testified that he reviewed Kaiser's records from 2000 through 2003. These records included corporate bank statements for his law practice and Kaiser Holding Corporation, personal accounts, miscellaneous documents, credit card statements, financial affidavits, receipts for some purchases, as well as individual and corporate tax returns. Lawley compared these records to his other attorney clients, two of whom had similar practices to Kaiser: an elder law practice and a criminal law practice. After evaluating several years of their gross income-to-compensation figures, he opined that 36% of Kaiser's gross income would be a reasonable percentage of his gross income to compensation. He theorized that Kaiser's drastic drop in compensation as a percentage of his practice's gross income for years after 2000 was due to either the payment of personal expenses by the business, underreporting of income, or both. Using the 36% figure applied to Kaiser's gross income records, he calculated Kaiser's personal gross income to be $135,000, $125,085, $172,530, $149,649, and $122,069, for the years 2000-2004, respectively. He also testified that his services to Harrison over the last few years, including his trial testimony, were billed at $8435. He currently billed $215 per hour, but his rate in 2003 was $195 per hour.
Kaiser's CPA expert, Rabb, was also accepted as an expert in tax and accounting. Rabb testified that the speculative nature of Lawley's cross-correlative approach to Kaiser's income was seriously flawed and did not produce reliable results. Rabb prepared Kaiser's tax returns based on information supplied to him; he did not utilize general ledgers. Thus, he had no opinion whether Kaiser's personal expenses were paid by the business.
Kaiser appeals the denial of a hearing to present evidence of settlement offers to dispute the reasonableness of the attorney's fee award. The parties filed their respective fee affidavits in open court. Despite the limited record to demonstrate the extent of the court's consideration of the fee affidavits, Kaiser cannot demonstrate that the court did not fully consider them. He requested for the first time, at the hearing's conclusion, that the court consider offers of settlement and other attempts to dispense with litigation in awarding attorney's fees; however, the issue of attorney's fees had already been raised and exhibits received days earlier.
The trial court has broad discretion to award attorney's fees and, on appeal, a reviewing court will reverse a fee award *1229 only if there has been an abuse of discretion. Schmitz v. Schmitz, 891 So.2d 1140 (Fla. 4th DCA 2005). The authority to award attorney's fees in this case derives from section 61.16, Florida Statutes (2005). See P.A.G. v. A.F., 602 So.2d 1259, 1260 (Fla.1992) (approving award of attorney's fees under section 61.16 when modification of child support brought in adjudicated paternity action). Section 61.16 gives a broad grant of discretion to award attorney's fees and costs, depending on the circumstances and after considering the financial resources of both parties. Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997).
Kaiser's motion for rehearing argued that the trial court failed to conduct an evidentiary hearing on attorney's fees to address offers of settlement, improperly considered the retained earnings of his business, and failed to consider his poor credit rating or request for pro se attorney's fees. He did not specifically dispute the reasonableness of Harrison's counsel's fees or hourly rate.
There is no requirement that the court conduct an evidentiary hearing for Kaiser to present evidence of offers of settlement. Although trial courts in marital dissolution proceedings have the authority under section 61.16 to deny fees for various forms of litigation misconduct, there is no authority for denying attorney's fees in dissolution cases solely for the failure to accept an offer of settlement. Levy v. Levy, 900 So.2d 737, 748 (Fla. 2d DCA 2005).
Attorney Townsend, Harrison's counsel, submitted a detailed affidavit showing 352.2 attorney and legal assistant hours for a total of $48,666.50, plus $4292.81 in total costs, for a grand total of $52,959.31. The court's order referenced fees and costs expended by various parties on Harrison's behalf of $62,619.31. These parties included attorneys Townsend, Gutin, Flajole, and CPA Lawley.
There is sufficient evidence of attorney Townsend's fees and costs for the trial court to make the requisite findings as to their reasonableness. However, the evidence is deficient to support any finding as to the reasonableness of the other attorneys' or CPA Lawley's fees and costs. The trial court must make findings to substantiate the awards and allow for meaningful review. Rowl v. Rowl, 864 So.2d 1236, 1238 (Fla. 5th DCA 2004). The record includes evidence that Harrison wrote a $250 check to attorney Gutin and that attorney Flajole billed her $975 for 6.5 hours, but there are no affidavits supporting the services they rendered. Neither Flajole nor Gutin testified during the hearing. Similarly, CPA Lawley simply testified that his accounting services and expert testimony were billed at $8435. Although the court found $62,619.31 represented reasonable fees and costs expended on Harrison's behalf, it made no findings of the reasonableness of the hours or the hourly rate. Therefore, we reverse the fee award because the trial court failed to make specific findings as to the number of hours reasonably expended and an hourly rate. See Saporito v. Saporito, 831 So.2d 697, 701 (Fla. 5th DCA 2002).
Upon remand, if sufficient evidence was presented in the trial proceedings, the trial court shall make the findings required by Rowe[1] and award a reasonable fee. See Simpson v. Simpson, 780 So.2d 985, 989 (Fla. 5th DCA 2001). Conversely, Harrison is not entitled to any fee on remand if she failed to present sufficient evidence to establish the necessary factors. Id.
The trial court made findings as to Harrison's and Kaiser's incomes and net worth, negative $81,750 and $167,592.23, *1230 respectively. The court also considered Kaiser's self-representation during the proceedings in rejecting his application for an attorney's fee award of $142,635.61. The parties' financial resources are the primary factor in determining an attorney's fee award. Other relevant factors to consider are the scope and history of the litigation, the duration of the litigation, the merits of the respective positions, whether the litigation was brought or maintained primarily to harass (or whether a defense was raised mainly to frustrate or stall), and the existence and course of prior or pending litigation. Rosen, 696 So.2d at 700. Thus, section 61.16 should be liberally  not restrictively  construed to allow consideration of any factor necessary to provide justice and ensure equity between the parties. Id.
In reaching its decision, the trial court's final judgment noted the prolonged and litigious nature of the proceedings. This paternity and child support litigation spanned from 1996-1999 for the original paternity judgment and another five years regarding their efforts to modify the judgment.
The court found both parties contentious; its final judgment of modification described the "litigious nature of this case and the parties' inability to avoid verbal attacks on the other party." In its June 2006 judgment finding Kaiser in willful, indirect criminal contempt of court for failing to comply with visitation orders, the court stated:
There has [sic] been other times that the Respondent/Father has violated this Court's order regarding the return of the minor child as to the date, location and time and has displayed a cavalier attitude regarding his noncompliance saying things such as "I don't care what the court order says."
The court also described the relationship between the parties as "high-conflict" with numerous involvements by law enforcement. Kaiser also withheld information from Harrison about the child's whereabouts while in his primary care and did not inform Harrison of the last name of a person he sent to pick up the child. In part, the court's ruling that it was in the best interest of the child to continue to attend private school was based upon the "constant turmoil which exists between the parents." Clearly, its ruling on attorney's fees was based in part on the overly litigious nature of the parties.
The attorney's fee award of $35,000 is very high. However, Harrison's net income is significantly less than Kaiser's and her negative net worth is also much less. Kaiser's self-representation that purportedly required him to expend $142,635.61 in attorney's fees and costs, alone, demonstrates that he shares responsibility for the extent of these excess fees. The court's calculation required Kaiser to pay 56% of Harrison's attorney's fees and costs. This was an extremely litigious case, and under these unusual circumstances, we conclude that the trial court did not abuse its discretion in making this calculation.
Accordingly, we affirm the denial of an additional evidentiary hearing for Kaiser to present evidence of offers of settlement in mitigation of any attorney's fee award, affirm the trial court's denial of an attorney's fee award to Kaiser for his self-representation, and reverse and remand the $35,000 attorney's fee award to Harrison for the trial court's specific findings regarding the number of hours her counsel reasonably expended and an hourly rate.
Kaiser argues that the trial court improperly considered The Kaiser Holding Corporation as an asset. He contends it does not generate income to him. Citing *1231 Zold v. Zold, 880 So.2d 779 (Fla. 5th DCA 2004), he argues that it was improper for the trial court to consider this asset in determining an award of attorney's fees. However, because the court did not consider any pass-through income from his holding company, the Zold decision is not pertinent.
The court evaluated all of the financial records concerning Kaiser's income and business, including tax returns and evidence his corporation paid some of his personal expenses. It also considered many other factors, including cross-correlative analysis of Kaiser's income, his debt to the IRS, his actual and other pending bar suspensions, and his extravagant cash purchases, but concluded that his financial affidavits and income tax returns were the best evidence of his income.
The court considered Harrison's and Kaiser's net worth as well as their net monthly income, $3056.88 and $5861.33, respectively. The court also considered the other factors described in Rosen, 696 So.2d at 700. As the Rosen court stated, "[h]ad the legislature intended to limit consideration to the financial resources of the parties, the legislature easily could have said so." Id. We see no merit to the appellant's argument that the court improperly included the retained assets of his corporation in awarding attorney's fees.
Kaiser argues that the trial court erred in ordering that he pay 57% of the child's private school expenses. This court reviews for an abuse of discretion a trial court's order that the noncustodial parent pay private educational expenses as part of child support. Pollow v. Pollow, 712 So.2d 1235, 1236 (Fla. 4th DCA 1998) (reversing obligation that noncustodial parent pay, in addition to child support, $1800 in monthly private school tuition).
The court calculated the 2005 child support utilizing each party's gross income as disclosed in their financial affidavits. The guidelines calculation, attached to the final judgment, shows that Harrison's and Kaiser's respective share of child support are 43% and 57%. Harrison's 2005 financial affidavit states the monthly expense for the child's private school is $200. Kaiser's share of private school tuition is $114, or 17% more than his $665.70 monthly share of child support.
Section 61.30(1)(a), Florida Statutes (2005), permits the court to order payment of child support which varies, plus or minus 5%, from the guideline amount only upon a written finding why that guideline amount would be unjust or inappropriate. Private educational expenses may be awarded as part of child support paid by a noncustodial parent when that parent has the ability to pay and such expenses are in accordance with the family's customary standard of living and are in the child's best interest. Wilson v. Wilson, 559 So.2d 698, 700 (Fla. 1st DCA 1990). In Luskin v. Luskin, 492 So.2d 783 (Fla. 4th DCA 1986), the court approved private school for children that attended the school during their parents' marriage and where the guardian ad litem recommended that they continue to attend the private school to minimize the disruption of their lives caused by their parents' separation.
In this case, the child is now eleven years old and has attended this particular private school since the child was ten days old. The court considered psychological evaluations of the parties and noted that the child had been embroiled in her parents' controversy since infancy. The court made specific findings that the child was progressing well in her school environment, which provided a stabilizing element in the child's life, and should not be disturbed. These findings satisfy the statute's *1232 requirement for Kaiser's child support payment to exceed the guidelines by 17% and represent 17.8% of his net income. This additional obligation is unlike the child support obligation in Pollow, 712 So.2d 1235, where the court reversed the noncustodial parent's obligation to pay private school tuition because it effectively ordered the father to pay 78% of his monthly income for child support. Thus, we affirm the trial court's order.
Harrison contends in her cross-appeal that her exhibits and testimony demonstrate that Kaiser enjoys a lavish lifestyle and used his corporation to pay for personal expenses. The court evaluated both CPA experts' testimony and concluded that Harrison's expert's cross-correlative approach was too speculative to accept as evidence of Kaiser's income. Instead, the court determined that the parties' financial affidavits were the best evidence of their income. There is no dispute that Kaiser owes the IRS $60,000 in taxes. It is also undisputed that the Florida Bar suspended him for ninety days pursuant to one grievance proceeding and that two other grievances were pending at the time of trial. Kaiser testified that the pending grievances had a negative effect on his ability to earn income.
Harrison's CPA presented no specific evidence of personal expenses paid by Kaiser's business. She submitted numerous exhibits that purported to evidence his business's payment of such personal expenses. Section 61.30(2)(a)13. deems those types of payments to be gross income to the recipient. However, the court plainly concluded that the parties' financial affidavits were the best evidence of their income.
It is well established that the acceptance or rejection of expert testimony is a matter within the sound discretion of the trial court, and such decision will not be overturned on appeal absent a showing of abuse of discretion. Doctors Co. v. Dep't of Ins., 940 So.2d 466, 470 (Fla. 1st DCA 2006). The trial court did not abuse its discretion in finding the cross-correlation testimony to be speculative and unreliable.
Accordingly, we reverse the $35,000 attorney's fee award to Harrison and remand for the trial court to recalculate the appropriate amount by making specific findings regarding the number of hours her counsel reasonably expended and hourly rate. We otherwise affirm the trial court's final judgment.
REVERSED in part, AFFIRMED in part, and REMANDED.
PALMER, C.J. and SAWAYA, J., concur.
NOTES
[1] Fla. Patient's Comp. Fund v. Rowe, 472 So.2d 1145 (Fla.1985).