MONACO, C.J.
 

 The former husband, Robert W. Bur-bage, appeals an order finding him in arrears of his past child support obligation amounting to $4,000, holding that he willfully and deliberately failed to pay that amount to the former wife, Kristine H. Burbage, and finding him in contempt of the order requiring him to pay that amount. The trial court sentenced Mr. Burbage to ninety days in the county jail, and set a purge amount of $4,000. We find no error in the trial court’s findings that there was a valid support order in effect; and that the appellant failed to pay the ordered support; and that the failure to pay was willful.
 
 See
 
 Fla. Fam. L.R.P. 12.615(e);
 
 Chetram v. Singh,
 
 937 So.2d 716 (Fla. 5th DCA 2006). The trial court, however, made no findings with respect to the present ability of Mr. Burbage to pay the support or to comply with and pay the purge conditions.
 
 See
 
 Fla. Fam. L.R.P. 12.615(e);
 
 Dileo v. Dileo,
 
 939 So.2d 181, 184 n. 1 (Fla. 5th DCA 2006). We are, therefore, required to reverse and remand this matter to the trial court to determine whether the former husband has the ability to pay the purge amount.
 

 Mr. Burbage also appeals an order awarding attorney’s fees to the former wife. We likewise reverse the fee award and remand for the trial court to make the appropriate factual findings to support its disposition.
 
 See Rowl v. Rowl,
 
 864 So.2d 1236 (Fla. 5th DCA 2004);
 
 see also Heysek v. Heysek,
 
 997 So.2d 489 (Fla. 2d DCA 2008). We note, however, that the trial court is free in its reconsideration of this issue, as it did in the initial grant of fees, to consider the actions and behavior of the former husband when awarding fees.
 
 See Firestone v. Firestone,
 
 704 So.2d 1146 (Fla. 4th DCA 1998);
 
 Patterson v. Patterson,
 
 399 So.2d 73 (Fla. 5th DCA 1981).
 

 REVERSED and REMANDED.
 

 SAWAYA and PALMER, JJ, concur.