PER CURIAM.
Shirley Thomas, the former wife, appeals a final, post-dissolution order adopting a magistrate’s findings and recommendations. She raises a number of issues that lack merit and do not warrant discussion. However, we find that a reversal is warranted as to two minor issues. First, although the trial court properly awarded fees to the former husband pursuant to the terms of the marital settlement agreement, the order on appeal does not include findings as to the reasonableness of the fees in terms of the time spent and the hourly rate awarded. These findings are required. Voronin v. Voronina, 995 So.2d 1049, 1050 (Fla. 2d DCA 2008); Rowl v. Rowl, 864 So.2d 1236 (Fla. 5th DCA 2004). Second, the trial court improperly ordered the former wife to reimburse the former husband for two days of lost wages as part of a sanction for twice failing to appear at mediation. As explained in Carbino v. Ward, 801 So.2d 1028, (Fla. 5th DCA 2001), there is no authority for a lost wage award in this context under Florida Rule of Civil Procedure 1.720(b), or any other statute or rule.
Accordingly, we reverse that portion of the sanction order requiring the former wife to reimburse the former husband for two days of lost wages, reverse the attorney’s fee award and remand for the entry of a new attorney’s fee order containing the required findings. In all other respects, we affirm.
*1283 AFFIRMED IN PART and REVERSED IN PART.
MONACO, C.J., LAWSON, and JACOBUS, JJ., concur.