EMAS, J.
After review, we determine the final judgment of dissolution of marriage is insufficient as a matter of law. Following a final hearing in which Appellant proceeded pro se, the trial court awarded appellee sole legal ownership of the marital home, the parties’ only significant asset, without articulating specific findings of fact, based on competent substantial evidence, to support this award, as required under Chapter 61. See § 61.075(3), Fla. Stat. (2008); Lee v. Lee, 56 So.3d 819 (Fla. 2d DCA 2011) (stating the trial court must articulate specific findings of fact to justify an unequal distribution); Guobaitis v. Sherrer, 18 So.3d 28 (Fla. 3d DCA 2009) (remanding case to trial court where final judgment failed to include specific findings to support disproportionate distribution of parties’ assets and liabilities); Austin v. Austin, 12 So.3d 314 (Fla. 2d DCA 2009); DeLillo v. DeLillo, 848 So.2d 454 (Fla. 4th DCA 2003); Calderon v. Calderon, 730 So.2d 400 (Fla. 5th DCA 1999).
In addition, the final judgment awarded permanent periodic alimony without articulating the basis for such an award.[1] See § 61.08(2)(a)-(g), Fla. Stat. (2010); Jahnke v. Jahnke, 804 So.2d 513 (Fla. 3d DCA 2001); Austin, 12 So.3d at 317. Because the absence of statutory findings in the final judgment frustrates meaningful appellate review in this case, we reverse in part and remand for the trial court to amend its final judgment to include the requisite factual findings to support its award of the marital home, permanent periodic alimony and attorney’s fees and costs[2] in accordance with Chapter 61, Florida Statutes. See Broadfoot v. Broadfoot, 791 So.2d 584 (Fla. 3d DCA 2001) (noting that reversal is appropriate where the absence of statutory findings in a final judgment frustrates the court’s appellate review). We find the other issues raised by Appellant to be without merit and affirm in all other respects the final judgment of dissolution.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

. We also note that the final judgment fails to provide that the award of permanent periodic alimony terminates upon the former wife’s remarriage or the death of either party. See § 61.08(8), Fla. Stat. (2010); Calderon, 730 So.2d at 403.

. DeLillo, 848 So.2d at 454.