# Third District Court of Appeal

## State of Florida

Opinion filed February 9, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-476
Lower Tribunal No. 18-28289
_____

**Christian Joseph Boulos,**
Appellant,

vs.

**Veronica Rubio, f/k/a Veronica Boulos,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Victoria del Pino, Judge.

Laline Concepcion-Veloso, P.A., and Laline Concepcion-Veloso, for appellant.

Orshan, Spann & Fernandez-Mesa, and Robert D. Orshan and Steven P. Spann, for appellee.

Before FERNANDEZ, C.J., and SCALES and MILLER, JJ.

PER CURIAM.

Christian Joseph Boulos (Former Husband) appeals the trial court's September 25, 2020 order determining both: (i) that his minor children with Veronica Rubio (Former Wife) should continue to attend private school; and (ii) that he is required to pay sixty-three percent of the private school tuition costs. When the couple divorced in 2019, they entered into a Marital Settlement Agreement (MSA) that left open the questions of whether the couple's minor children would continue to attend private school and, if so, the parties' respective obligations toward the payment of tuition. The MSA specifically provided that if the parties were unable to resolve the private school issues, they would present those issues to the trial court for determination.

After the parties were unable to come to an amicable resolution, on March 6, 2020, Former Wife – who wished for the children to continue their private religious school education – filed a motion seeking the trial court's determination of the private school issues. On August 28, 2020, the trial court conducted an evidentiary hearing on Former Wife's motion and subsequently entered the detailed order that Former Husband challenges in this appeal.

We review the order on appeal under an abuse of discretion standard, Pollow v. Pollow, 712 So. 2d 1235, 1236 (Fla. 4th DCA 1998), and we are

compelled to affirm if the trial court's factual findings are supported by competent substantial evidence. See Lane v. Lane, 254 So. 3d 570, 574 (Fla. 3d DCA 2018).

We conclude that the trial court made appropriate findings consistent with Brennan v. Brennan, 122 So. 3d 923, 926 (Fla. 4th DCA 2013) (holding that the trial court must find: "(1) the parent has the ability to pay for private school, (2) the expense is in accordance with the family's established standard of living, and (3) attendance is in the child's best interest"). These findings are supported by competent substantial evidence. Accordingly, we conclude that the trial court did not abuse its discretion in entering the challenged order.

Affirmed.