# Third District Court of Appeal

## State of Florida

Opinion filed August 13, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0712
Lower Tribunal No. 21-9357-FC-04
_____


**George Gonzalez,**
Appellant,

vs.

**Dayami Rodriguez Rodriguez,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Kelley Kronenberg, and Aislynn Thomas-McDonald and Brittany N. Miller, for appellant.

Lubell & Rosen LLC, and Norman S. Segall, for appellee.


Before LOGUE, LINDSEY and GORDO, JJ.

LOGUE, J.

George Gonzalez ("Father") appeals the trial court's order granting Dayami Rodriguez Rodriguez's ("Mother") Amended Motion for Attorneys' Fees, Costs and Suit Money, rendered on March 18, 2024. For the reasons that follow, we reverse and remand with instructions.

## Background

The parties lived together for several years and, during that period, the Mother gave birth to her child. After the parties separated, the Mother filed a Petition to Determine Paternity and for Related Relief. The Father filed his financial affidavit in May 2021. In September 2021, the trial court entered a final judgment of paternity, approving the parties' Paternity Settlement Agreement and Parenting Plan. Pursuant to the parenting plan, the parties agreed that the Mother would have the majority timesharing with the minor child. Moreover, the trial court ordered the Father to pay child support to the Mother in the amount of $1,028.59 per month and set a specific child support arrearages repayment plan.

About a year later, the parties began to have co-parenting issues. These issues resulted in further litigation between the parties. As a result of this litigation, the parties have spent over $200,000 in attorney's fees and costs, with both parties still owing substantial fees to their respective attorneys, with further litigation anticipated.

2

The parties filed competing motions for temporary attorney's fees, suit money, and costs,[1] under section 61.16, Florida Statutes.[2] In her amended motion, the Mother asserted, among other things, that she has a need for an award of fees and costs and the Father has the ability to pay the fees and costs based on his superior financial position. The Mother further argued that the Father has caused timesharing issues and used his superior financial position to harass the Mother by engaging in vexatious litigation.

Both parties provided updated financial affidavits prior to the hearing on their competing motions for fees and costs, and the trial court conducted a hearing on the parties' motions in November 2023. During the hearing, the trial court heard extensive testimony from the Mother's forensic accountant (Mr. Angarita), the Mother's counsel (Norman Segall), the Mother, the Father, and the Father's counsel (Aislynn Thomas-McDonald), and exhibits were introduced into evidence. The parties were not able to complete the hearing that day, and the hearing was continued to February 2024.

---

[1] The Father's motion for attorney's fees and costs is not at issue in this appeal because he did not appeal the denial of his motion.

[2] The authority to award attorney's fees in an already adjudicated paternity action is pursuant to section 61.16, Florida Statutes. See Kaiser v. Harrison, 985 So. 2d 1226, 1229 (Fla. 5th DCA 2008) (citing P.A.G. v. A.F., 602 So. 2d 1259, 1260 (Fla. 1992)).

The Husband subpoenaed Rodolfo Oliva[3] to testify during the February 2024 hearing. The Mother's counsel objected to Mr. Oliva testifying, explaining that Mr. Oliva was subpoenaed for a deposition in October 2023, but failed to appear. Instead, Mr. Oliva called the Mother's attorney's office, offering to given them ten minutes via Zoom. Thereafter, the Mother's counsel emailed Mr. Oliva several times to set a deposition, but he did not respond, and the trial court then issued an order to show cause, which was scheduled for March 21, 2024. The trial court ruled that Mr. Oliva would not be testifying at the hearing, and the Father's counsel did not proffer Mr. Oliva's expected testimony.[4] The trial court then heard additional testimony from the Father and his counsel, Ms. Thomas-McDonald.

After the parties presented their closing arguments, the trial court stated:

---

[3] During the November 2023 hearing, the evidence showed that Mr. Oliva was the source of two deposits in the Father's accounts—$90,000 in 2020, and $94,500 in March 2022.

[4] Without further discussion, we conclude that the Father's argument in this appeal that the trial court abused its discretion by not allowing Mr. Oliva to testify was not preserved for appellate review because the Father failed to proffer Mr. Oliva's expected testimony. See Ivy Chase Apt. Prop., LLC v. Ivy Chase Apts., Ltd., 352 So. 3d 33, 45 (Fla. 2d DCA 2022) ("It is axiomatic that failure to proffer what the excluded evidence would have revealed precludes appellate consideration of the alleged error." (quoting Palos v. State, 306 So. 3d 331, 334 (Fla. 3d DCA 2020))).

So my standard here in determining the award of attorney's fees, temporary fees, is need and ability to pay. I've listened over the course of several days to the testimony. Of everyone who has testified, and these are my findings. My findings [are] that there is a significant income disparity. I find that the [M]other has a need and that the [F]ather has the ability to pay. And I am specifically finding that these sums of money that the [F]ather has testified he borrows from various people; parents, girlfriend, Mr. Oliva, someone named Lia, buddies from 20 years ago. These are actually gifts that he has the ability to rely upon and expect at regular intervals. Since there are no written loan terms and since he seems to be able to get money on demand.

Thereafter, the trial court stated that it was awarding the Mother $69,034 in temporary attorney's fees, $3,344.66 in costs, and $5,000 in expert witness fees. The trial court ruled that the Father must pay $30,000 immediately and $5,000 per month thereafter until paid in full.

The trial court's written order granting the Mother's amended motion for attorney's fees, suit money, and costs states that (1) there is a substantial disparity in the parties' incomes; (2) the Mother has a need and the Father has the ability to pay the Mother's attorney's fees, costs, and suit money during the pendency of the case; and (3) the "[Father] has the ability and expectation to get income from his employment and other sources including, without limitation, his family and friends sufficient to pay the amounts ordered herein. He has the ability to get money on demand from those sources." Further, the trial court ordered the Father to pay to the Mother the amounts stated in its oral ruling. The Father's appeal followed.

## Standards of Review

The trial court's order awarding the Mother temporary attorney's fees, suit money, and costs is reviewed for an abuse of discretion. See Melchione v. Temple, 326 So. 3d 182, 186 n.5 (Fla. 5th DCA 2021) (reviewing an award of attorney's fees for an abuse of discretion). Further, if a trial court's order on fees is based on an interpretation of the law, the standard of review is de novo. See Alarcon v. Dagen, 389 So. 3d 611, 612 (Fla. 3d DCA 2023). Finally, "[t]he standard of review for a trial court's findings regarding imputation of income is whether the findings are supported by substantial competent evidence." Levy v. Levy, 388 So. 3d 932, 936 (Fla. 3d DCA 2024) (quoting Brennan v. Brennan, 184 So. 3d 583, 590 (Fla. 4th DCA 2016)).

## Analysis

The Father argues that the trial court's determination that the Mother has a need for an award of fees and costs and he has the ability to pay the Mother's attorney's fees and costs is not supported by competent, substantial evidence. Based on the following, we reverse and remand with directions.

Both the trial court's oral pronouncements and written order are devoid of factual findings to support its determination as to need and ability to pay, thereby not allowing meaningful appellate review. At best, the trial court's

6

only factual finding as to the Father's ability to pay is based, in part, on the trial court imputing income to the Father. In doing so, the trial court, in a conclusory fashion, determined that the Father will be able to obtain "without limitation" and "on demand" sufficient funds from his family and friends to pay the amounts awarded to the Mother. The trial court, however, did not make any findings to support its conclusion, once again not allowing this Court to engage in a meaningful review of the trial court's order. As such, we reverse the order on review and remand for entry of an order with specific findings of fact.

We take no position as to whether the testimony and evidence presented at the two-day hearing supports an imputation of income to the Father. However, we note that "[w]hen determining a party's ability to pay and a party's need for attorney's fees and costs, the general rule is that the trial court may only consider the 'financial resources of the parties and not the financial assistance of family or friends.'" Rogers v. Rogers, 824 So. 2d 902, 903 (Fla. 3d DCA 2002) (quoting Bromante v. Bromante, 577 So. 2d 662, 663 (Fla. 1st DCA 1991)). "An exception to this general rule is that income can be imputed based on gifts if the gifts are continuing and ongoing, not sporadic, and where the evidence shows that the gifts will continue in the future." Rogers, 824 So. 2d at 903.

7

The Father also argues the trial court failed to make any findings either in its oral rulings or written order as to whether the attorney's fees requested by the Mother are reasonable, and therefore, the order must be reversed and remanded. The Father's argument has merit. See Kaiser, 985 So. 2d at 1229 ("[W]e reverse the [attorney's] fee award because the trial court failed to make specific findings as to the number of hours reasonably expended and an hourly rate."). In addition to the lack of findings as to the number of reasonable hours and reasonable hourly rate, the trial court failed to address the Father's argument as to "block billing" and charges for clerical work. Thus, we also reverse the order under review on this basis and remand with instructions for the trial court to make specific findings as to the reasonableness of the attorney's fees requested by the Mother.

Accordingly, we reverse the order under review and remand as stated in this opinion. On remand, the trial court is to rely solely on the testimony and evidence presented during the two-day hearing. Further, the trial court may reconsider its conclusions based on its specific findings of facts. We take no position as to any factual finding or conclusion.

Reversed and remanded.